## JOEL K. FINLEY

*v.*

## WILLIAM H. THAYER et al.

1. EXECUTION — *sale of equity of redemption.* The mortgagor's equity of redemption in real estate may be levied upon and sold under execution; and the purchaser, if the property is not redeemed, succeeds to all the rights of the mortgagor in the premises, but to nothing more. He acquires the property subject to all burdens upon it, and is presumed to bid with reference to the incumbrances upon the property, and subject to which he purchases, and the amount thus bid becomes an unconditional satisfaction of his execution to that extent. Such a purchase by plaintiff in execution for the amount of his debt is a satisfaction of his judgment, as though the purchase had been made and the money paid by a stranger.

2. SAME. The rule of *caveat emptor* applies to such a purchase. There is no implied warranty on the part of the debtor, that a purchaser shall acquire a fee simple, free from incumbrance, or that he will redeem. Nor is he under any moral or legal obligation to redeem. And if he makes no promise to do so, or other representations to induce the purchase, he has committed no wrong. Having purchased with notice, and having acquired all he had a right to expect without redeeming, it would be unjust to require the debtor to sustain the loss occasioned by the *laches* of the plaintiff in execution.

3. JUDGMENT — *reversal — its effect.* A plaintiff in execution by the purchase of an equity of redemption in real estate, in satisfaction of his judgment, thereby discharges his demand to that extent against the debtor; by the purchase he declares that it is worth to him the amount of his bid, and failing to redeem from the mortgage, he loses the equity and deprives the debtor of its benefit. Nor does a reversal of his judgment, under which a purchase was made, revive his debt, and if suit is again brought on the notes upon which the judgment was recovered, the debtor may interpose the satisfaction by purchasing the equity of redemption, as a complete defense to the extent of the purchase. Having deprived defendant in execution of his equity of redemption, and, not having restored it, or placed him in *statu quo*, he should not bear the loss. Nor can plaintiff be permitted to say his judgment and sale was erroneous. It was not void, and bound parties and privies. Having once had satisfaction of the notes, plaintiff in execution will not be permitted to again recover on them.

4. Jurisdiction — *legal or equitable.* In such a case the satisfaction may be pleaded at law as a defense to the second suit on the notes. The satisfaction was legal, and under the law and not in equity. This is a legal defense, like any other satisfaction or discharge of the debt, and may be interposed in the same manner, and equity will not take jurisdiction, but leave the party to make his defense at law.

Writ of Error to the Circuit Court of the county of Fayette; the Hon. Charles Emerson, Judge, presiding.

The facts of this case appear in the opinion of the court.

Mr. Silas L. Bryan, for the plaintiffs in error.

Messrs. Willard & Goodnow, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was a suit in equity, brought by Joel K. Finley, in the Clay Circuit Court against William Thayer, Edwin R. Aldrich, Seth Thayer, Charles H. F. Abrens, C. Lackey, W. W. Willard, and H. C. Goodman, to enjoin the collection of two promissory notes, for about two hundred dollars each, given by complainant to the first named four of the defendants. It is alleged in the bill, that a power of attorney was also executed at the same time, to confess a judgment on the notes if default should be made in their payment; that after their maturity, at the August Term, 1859, of the Marion Circuit Court, the payees caused a judgment to be confessed on the notes; an execution was afterwards issued, and returned with a credit of ten dollars. In the spring of 1860, an alias execution was issued and levied on a part of lot five, in block one, and in square four, in the town of Salem, Illinois; which was returned in the month of May, in that year, satisfied in full, by a sale of the property. That W. H. Thayer became the purchaser; in doing so he acted for, and was one of, the plaintiffs in execution. That the land was not redeemed, and after the expiration of fifteen months he received a sheriff's deed for the premises thus sold.

That at the time, and previous to the sale, complainant owned the lot levied upon, together with a number of others adjoining thereto. That he had purchased the lots for the sum of $4,000, and had paid on the purchase $3,500, and had given a mortgage thereon to secure the payment of the remaining $500 of the purchase money; which was on record when the levy was made. That after purchasing, complainant put $350 worth of improvements upon the lot in controversy. That it was worth the sum bid by plaintiffs in execution, over and above its *pro rata* share of the money necessary to redeem it from the mortgage. That complainant had plenty of other property liable to execution, and that Black, who was security on the notes, was a man of wealth, and that the purchase of this lot was purely a matter of choice by plaintiffs in execution, and by no means a matter of necessity.

That Lemen, to whom the mortgage was executed, proceeded to foreclose, and had the lot sold, and became the purchaser of all the mortgaged premises in satisfaction of his debt. That at the date of the sale under the foreclosure, complainant had lost all right to redeem from the sale to Thayer; and one year after Lemen's purchase, one Mills, a judgment creditor of complainant, redeemed from the sale under the mortgage, and received a sheriff's deed, and became the owner of the property. Afterward the Thayers, Aldrich and Abrens, prosecuted a writ of error to the Supreme Court of this State, on their judgment against the complainant; and, on a trial of the same the judgment was reversed, for errors committed by them in confessing it. That they had brought suit on one of the notes, and recovered a judgment, notwithstanding complainant interposed a plea, setting up the facts as a defense, and had sued out an execution, and had placed it in the hands of the coroner of Marion county, complainant then being the sheriff of the county, and that they were about to have it levied upon the property of Black. That they also intend to bring suit for the recovery of the other note. That the sale of this lot satisfied and discharged these notes, and that they should not be permitted again to sue and recover on them. The bill prays

for an injunction to stay the collection of the judgment already obtained, and restrain them from suing on the other note.

The venue of the case was changed to Fayette county. Defendants filed a demurrer to the bill, which the court sustained, and a decree was rendered dissolving the injunction, and dismissing the bill. Complainant brings the case to this court on error, and asks a reversal of the decree.

Under our statute, the equity of redemption in the lot was subject to levy and sale on the execution, in precisely the same manner as unincumbered real estate. When the equity of redemption of the mortgagor is sold on execution, it passes, if not redeemed, to the purchaser, subject to the payment of the mortgage. Such a purchaser is, by the sale, substituted to all of the rights of the mortgagor in the premises, but to nothing more. The sale is of the equity of redemption, and the purchaser takes it with the burden, and he is supposed to fix the price he pays at the sale, with reference to the incumbrance on the property, and subject to which he purchases. He no doubt deducts from the value of the property the amount of the mortgage debt, and then regulates his bid with reference to the value above the incumbrance. The amount thus bid becomes an unconditional satisfaction, to that extent on the execution. In this case, one of the plaintiffs in execution became the purchaser for the amount of the execution, and it was thereby as fully satisfied as if the purchase had been made, and the money paid by a stranger.

It is, however, urged, that there was some kind of legal or moral warranty or guaranty on the part of the debtor, that the purchaser should acquire a fee simple title at the sheriff's sale. But we have been referred to no authority announcing such a rule, nor are we aware that any such exists. On such a sale, the purchaser has notice of the incumbrance, and expects to get back his money on a redemption, or to acquire the equity of redemption, and, by discharging the lien, to become the owner of the fee. There is no suggestion that complainant did or said any thing to induce the purchase, or otherwise to mislead the plaintiffs in execution. He did not agree to redeem

23 — 42D ILL.

from the mortgage if they would purchase the lot. He no doubt could have done so, but was under no legal or moral obligation to do so, and therefore was guilty of no wrong by refusing. The principle of *caveat emptor* applies in such sales, and the purchaser must be bound by his acts, unless misled by fraud. And, having purchased under the execution, the obligation was upon plaintiffs in execution, if they desired to render their equity of redemption available, to redeem from the mortgage. They acquired all they purchased, and, having lost it by their own *laches*, it would be highly unjust now to permit them to impose the loss upon another person, who seems to be entirely free from blame.

It is also contended, that, by reversing the judgment under which the sale was made, the sale was avoided and canceled thereby, and thus left the notes in full force, free from all defense, precisely as if the judgment had never been rendered. We do not perceive that such effects flow from a reversal of a judgment. Suppose this judgment had been satisfied by personal property, or by money paid by plaintiff in error, would it be pretended that the notes could be again collected? In such a case it is apparent that such a satisfaction could be interposed as a bar to a recovery. And in what do the two cases differ. Here there was a satisfaction to the extent of the judgment by sale of the property of plaintiffs in error, to which they acquired title, and which by their neglect they have lost, it is true, but that does not change the rights of the parties under the satisfaction of the debt due on the notes. They acquired the equity of redemption, and have not restored it to plaintiff in error. They by their bid said it was worth the amount of that judgment, and they thus deprived him of that amount of his property, and with it they satisfied that amount of the notes, and he should not bear the loss produced by their acts. Nor will defendants be heard to say the proceeding was illegal. Although the judgment was erroneous it was not void. It bound all parties and privies until reversed. And, the sale being fully warranted, their acts under it were binding, and before defendants can repudiate them they must restore

plaintiff in error to the position he was in prior to their sale. But by failing to protect the equity of redemption they have placed it beyond their power. It would therefore be manifestly unjust to permit defendants in error, after having satisfaction of their debt, without placing plaintiff in error in *statu quo*, to again sue and have another satisfaction of the notes.

The only remaining question is, whether this defense is legal or equitable. No objection is perceived to its being interposed as a bar to the recovery on the notes. The law permits the party, in a suit at law, to set up and rely upon a legal satisfaction obtained under legal proceedings. A former recovery may be so pleaded. And so of payment, accord and satisfaction, and other such defenses. The satisfaction was at law, and, to permit it to be pleaded, is only allowing the party to rely upon a legal defense. There is no account to state, or equitable titles to subject to the process of the court. There is therefore no necessity for turning the party around to a court of equity, when his defense can be as readily made at law as in equity. For the reason, therefore, that the defense is at law, the decree of the court below must be affirmed.

*Decree affirmed.*