## ISAAC N. BASSETT

*v.*

## HARVEY LOCKARD.

1. JUDICIAL SALE—*failure of title.* Where, in a partition suit, the land was found not susceptible of division and was sold by the master, and the proceeds partitioned, and the purchaser at that sale paid the money and received a deed from the master, but afterwards the administrator of the ancestor of those who sought the partition filed his petition for the sale of the land for payment of the debts, and under an order of the court one-half the land was sold for that purpose, on a bill filed by the purchaser at the master's sale: *Held,* that he was not entitled to relief.

2. It was held that, at a judicial sale, there is no warranty of title, and the maxim *caveat emptor* applies. The purchaser runs all risks of title at such a sale. If the land descended to those seeking partition, burthened with a lien of the ancestor's debts, he, at the master's sale, purchased subject to have his title defeated by a sale for the payment of those debts.

3. SUBROGATION. In such a case there can be no subrogation, as there was no claim that could be subrogated. The lien of the creditors was discharged by the sale by the administrator, and the purchaser thereby acquired the title to the land and nothing more. There was no remaining right held by the creditors. He did not pay the money to satisfy or purchase the debts, but to buy the title to the land, which he acquired, and nothing more. He acquired no right of the creditors which may have once existed. He purchased at the master's sale land that was burthened with, and subject to, a lien that was capable of defeating his title, and he may have abated from the price the amount of the debts against the estate, but whether he did or not, he purchased without warranty or fraud.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. ISAAC N. BASSETT, *pro se.*

Messrs. PEPPER & WILSON, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a supplemental bill, filed in a proceeding for partition by one of five tenants in common, setting forth, among other things, that the complainant, on the 10th day of April,

1870, purchased a certain tract of land in Mercer county, at a sale thereof by the master in chancery, under a decree therefor, it having been found not susceptible of partition, for the sum of $1600; that after said sale, on the 2d day of July, 1870, one-half of the premises was sold at an administrator's sale for payment of the debts of Robert Lockard, deceased, under a decree of the county court, made at the May term, 1870, and bought in by the complainant for the sum of $818; that Lockard in his life time being considerably in debt, for the purpose of defrauding his creditors, made a voluntary conveyance of the premises to his five minor sons, being the four defendants, and one other, whose interest the complainant had purchased.

The bill prayed that the complainant be allowed a credit for the amount he had paid at the administrator's sale, upon the notes which he gave on the purchase at the master's sale, or that the master be ordered to pay him that amount.

A demurrer was sustained to the bill, and it was dismissed.

We do not perceive any ground upon which the complainant can be afforded the relief sought, for the failure of title as to one-half of the land purchased at .the master's sale. It was a purchase at a judicial sale, and the general rule is, that there is no warranty at such a sale, but the rule of *caveat emptor* applies; and the goodness of the title must be at the purchaser's own risk.

Such rule was recognized and acted upon by this court in the case of *McManus* v. *Keith et al.* 49 Ill. 389, where an application had been made by a purchaser to enjoin the collection of certain promissory notes given by him upon the purchase of real estate at a like sale, upon the ground of a want of title to the land sold, and the application was held by the court to have been rightly refused.

The chief distinguishing feature between that case and the present is, that there the purchaser was a stranger to the proceeding, instead of a party plaintiff, as here. But it is not perceived why that circumstance should vary the application

of the rule. The defect of title here was not in any land which had been set off to the plaintiff in severalty, as his share on partition, in which case, on failure of title, he might have had resort to his co-tenants, but it was as to land of the tenants in common which had been sold at public sale and struck off to the plaintiff as a purchaser, as it would have been to any other purchaser.

It is said that, if the administrator had not taken the proceeding he did for the sale of this real estate, the creditors could have proceeded directly against the heirs to recover the debts due from their ancestor, and could have recovered from them the value of the land descended; but as the administrator did proceed and make the sale of the land to satisfy the claims of the creditors, the plaintiff, it is claimed, by bidding and paying on the sale the amount necessary to discharge the claims, became entitled to be subrogated to the rights of the creditors.

Admitting that the two proceedings indicated were open to be pursued, either one of them, for obtaining satisfaction of the creditors' claims, the administrator resorted to and sold the land in satisfaction of them, and there was no remaining right of creditors; the plaintiff, by the purchase, acquired title to the land, nothing more. He acquired no alternative right of the creditors, which might once have existed on their part, to proceed directly against the heirs for the recovery of their debts.

The most that can be said is, that the land came to the heirs chargeable with the debts of their ancestor. It was a qualified estate.

This estate the plaintiff purchased at the partition sale as it was. The title was subject to be defeated for the payment of such debts, and was so defeated, as it might have been by any other lien or incumbrance. It may be, the complainant considered and estimated the disadvantage of the burden upon the land, of the charge for the ancestor's debts, and bid and paid a price reduced to the extent of it. This he should

have done in the exercise of a proper precaution, but whether he did so, or the charge was a latent and unsuspected one, he purchased with the burden of this charge resting upon the land, without warranty or fraud, and he exhibits no sufficient ground for relief on account of failure of title by reason of such charge. *Owings* v. *Thompson et al.* 3 Scam. 502.

We see no error in sustaining the demurrer to the bill, and the decree must be affirmed.

*Decree affirmed.*