## WALTER VANSCOYOC *et al.*

*v.*

## FRANKLIN KIMLER.

1. SHERIFF'S SALE—*ground for setting aside, on application of execution plaintiff.* Where a defendant in execution turned out for levy a tract of land incumbered in excess of its real value by prior recorded mortgages, which was bid off by the plaintiff's attorneys in satisfaction of the execution, and the defendant made no misrepresentations as to the title or condition of the land: *Held,* that the doctrine of *caveat emptor* applied, and that it was error to set aside the sale and cancel the entry of satisfaction, on the motion of the plaintiff in execution.

2. SAME—*not set aside for misrepresentations of the sheriff.* Where a plaintiff in execution, through his attorneys, bids in a tract of land turned out by the defendant in the execution, in satisfaction of the execution, in consequence of the misrepresentations of the sheriff making the levy and sale, that the same was not incumbered; when, in fact, it was incumbered in excess of its value, this will afford no ground for setting aside the sale and satisfaction, as the sheriff is not the agent of the defendant.

3. BILL OF EXCEPTIONS—*presumption as to it containing all the evidence.* On a motion to set aside a levy, and sale of land under execution, which is always decided on affidavits, if the bill of exceptions states that it contains all the affidavits heard on the motion, it will not be presumed that the court heard any other evidence.

4. SALE ON EXECUTION—*no warranty implied.* Where a debtor turns out land on an execution, which is incumbered to its full value, and the same is sold, there is no implied warranty on the part of the debtor that the purchaser shall acquire a fee simple title, free from incumbrance, or that the debtor will redeem; nor is he under any legal or moral obligation to redeem.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a motion by Franklin Kimler to set aside a levy, and sale of a tract of land which had been levied upon and sold as the property of Walter Vanscoyoc, under an execution in favor of Kimler, and against Walter Vanscoyoc and Oliver H. P. Vanscoyoc. The court below set aside the levy and sale and the satisfaction of the execution, and ordered the issue of an *alias* execution, and from this order the defendants prosecuted this appeal.

Messrs. STEVENSON & EWING, for the appellants.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of McLean county, sustaining a motion made therein to set aside a sale made on execution. of a certain tract of land, made at the instance of the plaintiff in execution.

One Franklin Kimler had obtained a judgment in the McLean circuit court against Walter Vanscoyoc and O. H. P. Vanscoyoc, on which a *fi. fa.* was duly issued, which came to the hands of John Pitts, deputy sheriff, who, on the 19th of February, 1873, went with the writ and demanded payment of O. H. P. Vanscoyoc, who turned out the land in question, and directed the officer to levy on it, which was done, and the land advertised, and sold on the 17th of March, 1873, and the same was struck off to R. E. Williams and H. Burr, the plaintiff's attorneys, for the sum of four hundred eighty-four dollars and twenty-eight cents, the amount of the judgment, who entered satisfaction of the execution.

At the September term, 1874, a motion was made by Williams & Burr to vacate this sale, and then and there presented and read affidavits going to show that the land was incumbered by prior recorded mortgages above its value, and that they purchased supposing the land to be unincumbered. Affidavits were read, on the other side, going to show that

no representations of any kind were made by the judgment debtor, or other person, to the sheriff, or other person, that the land, at the time of the levy, was free from incumbrance. It would appear the incumbrances exceeded in amount the value of the land.

The court sustained the motion, cancelled satisfaction of the execution, and restored the plaintiff in the execution to all his rights, the same as if no sale had been made, and directed an *alias fi. fa.* to issue upon the judgment.

The appeal brings before us this action of the court upon the motion, and, to dispose of it, it is only necessary to refer to the case of *Finley* v. *Thayer*, 42 Ill. 350, where the principles governing this case are fully discussed. In that case, as in this. an equity of redemption only, was the subject of sale, and that alone was purchased, and the purchaser succeeded to all the rights of the mortgagor in the premises. which may, in many cases, be very valuable. The purchaser, in such case, acquires the property subject to all the burdens upon it, and subject to which he purchases. and the amount he bids, if accepted. becomes an unconditional satisfaction of the execution, to that extent. Such a purchase by a plaintiff in the execution, for the amount of his debt, is a satisfaction of his judgment, as much so as if the purchase had been made and the money paid by a stranger.

In such case there is no implied warranty on the part of the debtor that a purchaser shall acquire a fee simple, free from incumbrance, or that the debtor will redeem; nor is he under any legal or moral obligation to redeem. By the purchase, the purchaser declares, in effect, that the property is worth to him the amount of his bid, and, by purchasing, he prevents the debtor from redeeming.

In such purchases, the maxim *caveat emptor* applies, and, in the absence of fraud or misrepresentation as to title and its condition, the purchaser must bear the loss. This is elementary now, it having been so often so adjudicated by the courts.

The purchasers here attempt to show there was misrepresentation by the sheriff, by which they were misled. The sheriff was not, in any sense or for any purpose, the agent of the defendants in the execution, but rather the agent of the plaintiff therein. It is clearly shown the defendants in the execution made no representations of any kind as to the title.

It is urged by appellee that knowledge came to his attorneys, the purchasers, of the levy on the day the sale was to be made, and not before, and they had no time to examine into the condition of the title.

This can not avail anything, for it was in their power to direct the sheriff to postpone the sale until an examination could be made. They did not choose this course, but thought proper to bid off the land. In the absence of fraud and misrepresentation; of all which this case is clear, the sale and purchase must be held valid. The court, in setting it aside, cancelling the satisfaction entered upon the *fi. fa.*, restoring plaintiff in the execution to all his rights as they existed prior to the sale, and ordering an *alias fi. fa.*, erred, and, for the error, the judgment must be reversed and the motion dismissed.

It is said by appellee that the bill of exceptions does not purport to contain all the evidence heard on the motion. When it is known such motions are always disposed of by affidavits read and filed in court, and the bill of exceptions, after reciting the affidavits, declares they were all the affidavits heard on the motion, we must intend they contained all the evidence the court heard.

The judgment is reversed and the motion dismissed.

*Judgment reversed.*