# DENISON F. HOLMES

*v.*

# NICHOLAS N. SHAVER.

1. JUDICIAL SALES—*caveat emptor applies.* In the absence of all fraud, a court of equity can not relieve a purchaser at a judicial sale on the ground that the title fails. The maxim *caveat emptor* applies the same in equity as at law, in respect to such sales.

2. SAME—*failure of consideration.* Where land is purchased on execution, and the same is redeemed by a judgment creditor, and the purchaser at the first sale again bids off the same, and, by an arrangement with the redeeming creditor, gives his notes for the amount of his bid, and receives a certificate of purchase, a court of equity will not enjoin the collection of the notes on the ground that a prior mortgagee has instituted proceedings to have both sales set aside. In such case, there is no failure of consideration.

3. JUDGMENT—*in another county—time of filing to hold real estate.* The question of diligence in giving notice by a judgment creditor of the recovery of a judgment in another county, upon which a redemption of land from a prior sale is made, does not arise, unless there are intervening creditors to be affected by it. The purchaser at the prior sale can not raise this question.

APPEAL from the Circuit Court of Carroll county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. ARMOUR & SHAW, for the appellant.

Mr. C. B. SMITH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Carroll circuit court, by Denison F. Holmes, complainant, against Nicholas N. Shaver, defendant, to restrain proceedings at law, instituted by defendant against complainant, for the recovery of the amount of two promissory notes executed by the latter to the former.

On demurrer to the bill, the injunction was dissolved and the bill dismissed. Complainant appeals.

It appears one Henry Smith, in 1850, executed to the trustees of schools of township 23 north, range 7 east, a mortgage on the north-east quarter of section seven (7), in that township and range, which was duly recorded, and, to foreclose the same, they sued out a *scire facias* on the 10th of September, 1859, and such proceedings were had thereon that a judgment was rendered in favor of the trustees, and a special execution ordered to sell the mortgaged premises. A sale was had, and appellant became the purchaser. Appellee, having obtained two separate judgments against Smith, the mortgage debtor, before the time of redemption expired, paid to the sheriff the amount of appellant's bid, with interest, and at the same time placed the executions on these two judgments in the hands of the sheriff, who levied them on this north-east seven, and, when offered for sale, appellant was the highest bidder, he bidding the amount of appellee's two judgments.

An agreement was then made by appellant and appellee that, in consideration the executions should be returned satisfied, appellant would execute his notes to appellee for the amount of the executions. The execution was returned satisfied, a certificate of purchase executed to appellant, and the notes in suit were executed by appellant to appellee. In lieu of paying the money on his bid for the lands, the execution creditor agreed to take these notes.

On this showing, no court could raise an equity on behalf of the maker of the notes, the appellant here.

But appellant says—and he makes the proceedings a part of his bill—that one Franklin Smith and Latham Conwell, claiming a lien on this land through a mortgage executed by Henry Smith to the Racine and Mississippi Railroad Company, on the 9th of April, 1856, have commenced a suit in equity to set aside these judgments, executions, and sales made by the trustees of schools and by appellee, and if they succeed, he will have received no consideration for his notes executed to appellee, and now in suit. On this additional

showing, it is impossible to perceive where the equity of appellant arises. Evidently, he received from appellee all he contracted for.

What does it matter, in a court of equity or in a court of law, if the title of a purchaser at a judicial sale, as this was, should fail? Can equity relieve, in the absence of all fraud, in such a case? The maxim there, as at law, is *caveat emptor.* The buyer must look out himself. The books are full of cases where this maxim has always been applied, and in this court especially. Among the latest are *Bassett* v. *Lockard*, 60 Ill. 164, and *Bishop* v. *O'Conner*, 69 ib. 431. The rule governing a purchase at a judicial sale, is, that there is no warranty, and the validity of the title must be at the purchaser's own risk.

The argument of appellant directed to a want of diligence by appellee to give notice of his judgment obtained in Ogle county, against Smith, by failing to file it in Carroll county, has no force here, as there are no intervening creditors to be affected thereby.

We see nothing in this record of an equitable nature of which appellant can claim a benefit. There is no equity in his case, and the bill was properly dismissed, and the decree dismissing it is affirmed.

*Decree affirmed.*