## JAMES H. ROBERTS

*v.*

## GEORGE R. H. HUGHES *et al.*

1. JUDICIAL SALE—*caveat emptor.* The maxim *caveat emptor* applies in a judicial sale, and where no fraud has been practiced, and no misrepresentations made as to the condition of the title, if loss ensues the purchaser must bear it.

2. SAME—*incumbrance on property no ground for avoiding sale.* In the absence of fraud and misrepresentation in procuring the levy of an execution upon land which is incumbered, or its sale, the sale to the execution creditor in satisfaction of his demand, is valid, and equity will not set it aside at his instance, *even though the property is not worth enough to satisfy* both the judgment and the prior incumbrance.

3. EXECUTION—*equity of redemption liable to levy.* The equity of redemption of a mortgage on real estate is subject to levy and sale on execution in the same manner as unincumbered property, and the purchaser acquires the same, subject to the incumbrances. It will be presumed he deducts from the price he is willing to bid, the amount of such previous incumbrances.

4. CHANCERY—*relief against party's own negligence.* A court of equity will not relieve a party from the results of his own negligence when the channels of information are open to him, and no fraud or deception is practiced upon him.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

This was a bill in chancery by James H. Roberts, for himself and others, creditors of the appellee Hughes, against Hughes, Jacob Hall Pleasants, and Richard H. Pleasants, to set aside a levy and sale of real estate on execution and to compel the execution of a power in trust, alleged to have been created by Hughes for the benefit of appellant and his other creditors. The court below sustained a demurrer to the bill.

Mr. W. C. GOUDY, for the appellant.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Unless the levy and sale under the execution issued on the judgment in favor of Gookins and Roberts against Hughes, can be set aside, complainant can have no standing in a court of chancery, no matter what construction may be given to the instrument of the 24th of October, 1873, executed by Hughes to Pleasants, whether it be declared a simple power of attorney, revocable at the election of the maker, or a power of attorney coupled with an interest in the land itself upon which it was to operate, and therefore irrevocable. We are, however, of opinion that by no fair construction did that instrument pass the interest of the judgment debtor in the property to Pleasants. He then had an equity of redemption in the property, and that he still had, notwithstanding the execution of the power, whatever it was.

So long as that judgment remains satisfied it is clear complainant can have no interest in what he alleges is a trust created in favor of creditors of Hughes by that instrument, what-

ever it may be. Preliminary, therefore, to all others is the question, whether any cause exists for setting aside the levy and sale made on the execution, and declaring the satisfaction entered null and void, as having been induced by the fraudulent concealment of the trust in favor of creditors.

The execution was levied upon certain real estate, upon which the judgment debtor had previously given a mortgage to the Connecticut Mutual Life Insurance Company, to secure a sum of money by him borrowed of that company. At the sheriff's sale complainant became the purchaser of the property for the full amount of his debt, interest and costs, in satisfaction of the judgment. It stands admitted the property is not of sufficient value to pay the debt to the insurance company, and the amount bid upon it by complainant. But it is not perceived how that fact can change the decision. Under our statute the equity of redemption which the mortgagor has in the premises, is subject to levy and sale on execution, in precisely the same manner as unincumbered real estate. That is what complainant obtained by his purchase in this case, and it will be understood he bought the property subject to all the burdens upon it, and deducted from the price he was willing to pay the amount of the previous incumbrances.

According to the principle established by the former decisions of this court, the purchaser acquires the property subject to prior incumbrances, and the amount bid, if accepted, becomes a satisfaction of the execution to that extent. *Finley* v. *Thayer*, 42 Ill. 350; *Vanscoyoc* v. *Kimler*, 77 Ill. 151. Hence, in the absence of fraud and misrepresentation in procuring the making of the levy and sale, such sales are valid, and equity will not assume to set them aside at the election of the buyers. The maxim *caveat emptor* applies, and where no fraud has been practiced and no misrepresentations made as to the condition of the title, if loss ensues the purchaser must bear it.

In the case at bar there is no pretense the execution debtor practiced any deception upon complainant, which influenced him to make the levy upon the property in question, or to buy

at that sale. So far as anything appears in this record it was his own voluntary act in the exercise of his own judgment in the matter. The incumbrance was of record, and it will be presumed he was conversant with it, and, with a full knowledge of its existence, chose to buy the property with its burdens.

It is charged complainant would not have purchased the property incumbered as it was, for the amount of his judgment, interest and costs, had he known of the existence of the instrument which he alleges operated as a conveyance of the property in trust, for the benefit of creditors. It was upon record in the proper office in the county where the land is situated, before either the levy or sale, and if he did not know its contents, it was his own fault. The law made it his duty to examine the records before buying at his sale. It was so declared in *Vanscoyoc* v. *Kimler.* Whether he had actual notice or not, he had constructive notice of all that appeared upon the record, and had he pursued the inquiry he could have become acquainted with the exact condition of the title. Equity will not relieve him from the result of his own negligence in this regard. The channels of information were open to him; it was his privilege to be fully informed, so that he could bid understandingly at the sale. Whatever loss, if any, has ensued, must be attributed to his want of diligence, against which he can not, with any propriety, invoke the interposition of a court of equity.

This view being conclusive of the whole case, we have not deemed it necessary to enter upon the consideration of the other branch of the case that has been so elaborately discussed.

The decree will be affirmed.

*Decree affirmed.*

Mr. JUSTICE DICKEY: I can not concur in this opinion. It is my opinion that the judgment debtor had no title at the time of the levy and sale, and therefore the sale should be set aside.