# ADAM ALDAY
## v.
# ROCK ISLAND COUNTY.

*Real Property—Judicial Sale—Title.*

1.  There is no warranty of title at a judicial sale.  The validity of the title is at the purchaser's risk.

2.  As there is no warranty on the part of the sheriff making such sale, neither is there any implied on the part of the execution creditor.

3.  If a purchaser at such sale obtains no title by his bid, he can have no remedy in the absence of fraud or misrepresentation as to title, and then only in equity.

4.  A judgment creditor is not bound to refund to such purchaser the amount paid at the sale in such case, there being no fraud or misrepresentation.

5.  Where an execution creditor, for the purpose of obtaining satisfaction, purchases real estate at a judicial sale, under the execution, to which the execution debtor had no title, the court from which the process issued may, on motion, before the sale has ripened into a deed, set aside the sale and satisfaction on the ground that the satisfaction was obtained without consideration.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. J. T. KENWORTHY, for appellant.

Messrs. M. M. STURGEON, State's Attorney, and C. J. and S. W. SEARLE, for appellee.

MR. JUSTICE CARTWRIGHT.  Appellee recovered a judgment against appellant before a justice of the peace, and filed a transcript of the judgment in the office of the circuit clerk of Rock Island County, and thereupon execution was issued and levied on a lot in Moline as the property of appellant.  By virtue of said writ and levy, the sheriff, after due notice,

sold said lot on the first day of September, 1890, to one David Gruhl, for $105, the amount of judgment and cost, delivered to the purchaser a certificate of sale, filed for record a duplicate of the same, and made return of the execution whereby the judgment was satisfied of record. At the September term, 1891, of the Circuit Court, appellee made a motion to set aside the execution, sale and satisfaction, and for a new execution. The motion stated the foregoing facts and further alleged that it was mistakenly supposed that appellant owned the lot, but that he had no interest in it, that it was owned at the time of the sale by William and Henry Stuhr, and at the time the motion was made, by one Starofsky, and that upon learning the facts as to the title, appellee refunded to the purchaser the amount of his bid and procured from him a quit-claim deed to the owner. It was stipulated that the averments of the motion were true and the court sustained the motion and set aside the execution, sale and satisfaction, and ordered a new execution. Where an execution creditor, for the purpose of obtaining satisfaction, purchases real estate, at a judicial sale under the execution, to which the execution debtor had no title, the court from which the process issued may, on motion, before the sale has ripened into a deed, set aside the sale and satisfaction on the ground that the satisfaction was obtained without any consideration whatever; but in this case the sale was made to a third party who was not interested in the judgment or concerned in obtaining satisfaction of it, and who paid his money in consideration of such right or title in the lot as he might acquire or become entitled to by reason of his purchase, and he could have no right nor be entitled to any relief in the absence of fraud or misrepresentation except upon the supposition that by his purchase he acquired a right to a title. There is no warranty of title at a judicial sale, but the rule of *caveat emptor* applies and the validity of the title is at the purchaser's own risk. The sheriff had no right or power to warrant anything and did not attempt to do so, and the purchaser being entitled to no warranty and receiving none, it was his own

negligence that the true state of the title was not ascertained by examination. Ordinary prudence would require him to look to the title and see that it was good before purchasing. As there is no warranty on the part of a sheriff in making a judicial sale, neither is there any implied on the part of the execution creditor. If Gruhl obtained no title by his bid, he could have no remedy in the absence of fraud or misrepresentation as to title, and then only in equity. Bassett v. Lockard, 60 Ill. 164; Bishop v. O'Conner, 69 Ill. 431; Holmes v. Shaver, 78 Ill. 578. Gruhl had no claim against appellee and no right which it could acquire and enforce by giving him the amount that he had bid at the sale. Appellee had obtained full payment of its judgment by the sale to a third party without fraud or misrepresentation, and was under no obligation to refund to him the amount lost by his own want of ordinary care. By such voluntary act it could not again make appellant its debtor without his consent.

. The judgment will be reversed.

*Judgment reversed.*