## Grundy County National Bank et al. v. Nelson J. Rulison.

1. EXECUTION SALES—*Caveat Emptor.*—In sales on execution, the sheriff is invested with a naked power to sell without any authority to warrant. In such sales the rule of *caveat emptor* applies.

2. SAME—*Imperfect Description of Property in Notice.*—An imperfect description of the property in the notice of a sheriff's sale will not necessarily vitiate the notice, especially where the description is sufficiently certain so that no one is deceived as to the identical property sold.

3. SAME—*Effect of Filing a Bill to Set Aside the Judgment.*—The fact that a bill has been filed to set aside a judgment is no ground for a motion by a purchaser at a sale made under an execution issued upon it to set aside the sale.

**Motion to Set Aside an Execution Sale.**—Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge. presiding. Heard in this court at the May term, 1895. Reversed. Opinion filed December 10, 1895.

SNOW & HINEBAUGH and MAYO & WIDMER, attorneys for appellants, contended that, taking the whole notice together, with the surrounding circumstances, all persons were apprised with sufficient certainty of the particular property advertised to be sold, and this is all that the law requires in that respect. The notice was not vitiated by a mistaken particular in the description. Pollard v. King, 63 Ill. 36; McGarr v. Hunter, 13 Ill. App. 201.

Where there are two descriptions in an instrument, the one superadded to the other, one description being complete and sufficient of itself, and the other incorrect, the incorrect description, or feature, or circumstance, is rejected as surplusage, and the complete and correct description is allowed to stand. Myers v. Ladd, 26 Ill. 415; Swift v. Lee, 65 Ill. 336; Emmet v. Hayes, 89 Ill. 12; Kruse v. Wilson, 79 Ill. 233; Holston v. Needles, 115 Ill. 416; Lyman v. Gedney, 114 Ill. 409.

The rule, *caveat emptor*, applies to sales such as this;

and the fact, if true, that appellee bid more than the property is worth, is no ground for avoiding the sale. Finley v. Thayer, 42 Ill. 350; Vanscoyoc v. Kimler, 77 Ill. 151; Holmes v. Shaver, 78 Ill. 578; The Monte Allegre, 9 Wheat. 616.

BREWER & STRAWN, attorneys for appellee, contended that in no case will the rule of *caveat emptor* be applied so as to excuse a fraud. Ray v. Virgin, 12 Ill. 216, 218; Welch, Administratrix, etc., v. Hoyt, 24 Ill. 117; Fisher v. Hersey, 17 Hun 370; Bartholomew v. Warner, 32 Conn. 98; 85 Am. Dec. 251.

The rule of *caveat emptor* does not apply where a party has been induced to bid by a misstatement of facts by the officer conducting the sale, or a party interested in the sale. Webster v. Haworth, 8 Cal. 21; 68 Am. Dec. 287; Masson v. Bovet, 1 Denio, 69; 43 Am. Dec. 651; Anderson v. Foulke, 2 Har. and G. 346; Laight v. Pell, 1 Edw. Ch. 577; Veeder v. Fonda, 3 Paige Ch. 94; Barling v. Peters, 134 Ill. 606, 619; Paulett v. Peabody, 3 Neb. 196; 2 Freeman on Executions, Sec. 308.

If the purchaser did not know the condition of the thing purchased, and relied upon misrepresentations of those in interest, he should be relieved from the injury occasioned thereby, whether the misrepresentations were made willfully or ignorantly. Webster v. Haworth, 8 Cal. 21; 68 Am. Dec. 287; Frasher v. Ingham, 4 Neb. 531.

See, also, where the mistake was mutual, Watson v. Hoy, 28 Gratt. 698; Post v. Leet, 8 Paige Ch. 337; Seaman v. Hicks, 8 Paige Ch. 656.

It is settled in this State that when the title to property purchased by the plaintiff in execution fails, he may, in a court of equity, have the sale set aside, vacate the satisfaction of the judgment and have another execution, and have the lien of this judgment revived. Bressler v. Martin, 133 Ill. 278.

Courts of law will, upon motion, set aside a bid made at an execution sale under a mistake not due to the negligence of the bidder and which it would be unjust to enforce.

Mulks v. Allen, 12 Wend. 253; President, etc., v. Lansing, 2 Wend. 260; Laight v. Pell, 1 Edw. Ch. 577; England v. Clark, 4 Scam. 486, 493; 2 Freeman on Executions (2d Ed.), Secs. 304, 308; Freeman on Void Judicial Sales (3d Ed.), Sec. 48; 1 Sugden on Vendors, *120, note.

Courts make a distinction between cases in which the money is still within their control and cases in which the money has passed beyond their control. The purchaser will be released and any payment made by him and remaining within the control of the court will be returned if the condition of the title is such that he would not be required to accept it were the contract between him and a private individual. Freeman on Void Judicial Sales, 84; 2 Freeman on Executions, 1026; England v. Clark, 4 Scam. 486; McCulloch v. Gregory, 3 Eq. R. 495.

And where the proceedings are defective, so that the purchaser will become invested with only a part of the property purchased, he will be released from his bid. 2 Freeman on Executions, Secs. 304k, 313h; Freeman on Void Judicial Sales, Sec. 48.

Mr. Presiding Justice Cartwright delivered the opinion of the Court.

Appellee filed his motion in the case of the State Bank of Seneca, Illinois, v. P. H. Graves, for an order setting aside and declaring void a sale to him, of property known as the Graves Elevator at Seneca, by the sheriff, on execution issued in said cause. The motion was resisted by appellants, one being assignee of Graves and the other holding an execution at the time of the sale under which it was entitled to share with the State Bank of Seneca in the proceeds of the sale. There was a hearing and the motion was allowed and the sale set aside.

No reason for setting aside the sale was stated in the motion, but a petition verified by the oath of appellee was filed at the same time, and it was therein stated that he bought the property at the sheriff's sale for $2,800, believing that it was situated on the grounds of the Chicago, Rock

Island & Pacific Railway Company; that it was so described in the sheriff's notice of sale; that after the sale he learned that the property was not wholly situated on the grounds of the railway company but was partly on other lands south of them; that the only way of conveniently or profitably operating the elevator was for farmers to drive through it and drive back around the south side to the scales; that the farmers could not do that without driving over private property, and that if petitioner had known these facts he would not have bid so much or any but a small sum, since the property was in fact worth very little over and above an incumbrance of $6,000 held by himself and to which the sale was subject.

On the hearing, this verified petition was offered in evidence, together with an affidavit of appellee's attorney, that Charles B. Congdon and A. C. Davis had filed a bill in chancery asking to have the judgments, above referred to, declared void, and an affidavit and plat of the county surveyor showing the elevator proper, with the scales, office and engine house on right of way of the Chicago, Rock Island & Pacific Railway Company, and the gangway, crib and oat house connected with it to extend on lands south of the right of way.

The indorsement of levy on the execution and the description in the notices of sale were as follows: "The elevator and warehouse and all additions and attachments thereto, including oat house, situated upon the grounds of the Chicago, Rock Island & Pacific Railway Company, south of said company's tracks at Seneca, La Salle county, Illinois (known as P. H. Graves' warehouse, and until recently occupied and used by him as such), with the engine, boiler, machinery, and other fixtures and tools in use in and about said warehouse and elevator buildings, also track scales, wagon scales and office building situated as above. Said elevator, warehouse, and all attachments and additions, including oat house, with the engine, boiler, machinery and other fixtures and tools, and track scales, wagon scales and office building above described, is subject to a chattel mortgage executed by said Philander H. Graves to Nelson J. Rulison,

dated January 2, 1894, to secure the payment of $6,000, $3,000 on or before October 2, 1894, and $3,000 on or before January 2, 1895, with interest at seven per cent, which mortgage is recorded in the office of the recorder of La Salle county, Illinois, in vol. 45 on page 360 of chattel mortgage records."

It was shown that this description of the property was copied from the record of the chattel mortgage given to appellee and held by him. That mortgage described the property as situated upon the grounds of the Chicago, Rock Island & Pacific Railway Company, and led to the error in the sheriff's description.

It is plain that the advertisement was not the cause of any belief which appellee had that the property was entirely on the railway grounds. That belief originated with the mortgage for which no party to this proceeding was responsible. He knew the property and had known it for many years, and knew exactly where it stood. He testified to that fact, and that it was the same warehouse that he intended to buy. He got all that he supposed he was getting, and there was no failure of title; but when he took possession under his chattel mortgage he learned that the title to the land on which part of it was located was not in the railway company.

So far as the right to drive around in returning to the scales is concerned, there is no pretense that any privilege of that kind was sold, or any representation was made concerning it. The notice said nothing about a return passage being appurtenant to the property or that it was on railway grounds.

The property sold was chattel property, and there was no fraud in the sale nor any representation of any leasehold or other interest in any ground on which it was situated nor any attempt to sell or transfer any such interest. The statement of the location was evidently for identification of the property merely. The mistake in that particular did not vitiate the notice, since the property was described with sufficient certainty and no one was deceived as to the identical property sold.

Of course the fact that somebody had filed a bill in chancery praying that the judgments should be set aside was no ground for a motion by appellee to set aside the sale.

In such sales as this the rule of *caveat emptor* applies. Owens v. Thompson, 8 Scam. 502; Finley v. Thayer, 42 Ill. 350; McManus v. Keith, 49 Ill. 388; Bishop v. O'Connor, 69 Ill. 431; Bassett v. Lockwood, 60 Ill. 164; Vanscoyoc v. Kimler, 77 Ill. 151; Holmes v. Shaver, 78 Ill. 578; Bressler v. Martin, 133 Ill. 278; Alday v. Rock Island County, 45 Ill. App. 62.

In sales on execution a sheriff is invested with a naked power to sell without any authority to warrant. In sales under decrees in chancery where the court undertakes to sell property and transfer title, and the sale requires confirmation by the court, perhaps the confirmation may be refused if that object fails, or if it would be inequitable to compel the purchaser to perform. In such cases the contract of sale is executory and open to objection until approved by the court and remains under its control.

In this case there was not even a failure of title, and it was through appellee that the error occurred. If nothing had been said about the ownership of the land on which the property stood he would certainly have supposed that it was wholly on the railway grounds. And the situation was as well known to him as to any of the parties. The extent of the right of way must have been easily ascertained, and under the decisions of the courts we do not see how any relief can be afforded to him. The order setting aside the bid and sale is reversed.