## Robert A. Pritchard, Trustee, et al., Appellees, v. Arthur W. Fruit et al., Appellants.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*when creditor selling property of debtor on execution loses rights under trust deed.* Where a debtor assigned his property to a trustee for the benefit of all his creditors, one of whom, prior to the assignment, instituted an attachment suit against certain of the debtor's real estate which he prosecuted to judgment, and sale on execution issued on the judgment was had, and a deed was issued, *held* that the sale under the attachment not only extinguished the judgment but at the same time relinquished all rights the creditor might have had under the trust deed, as all such rights were for payment of such creditor's debt and same no longer existed after the sale and deed in the attachment proceeding.

2. MORTGAGES—*when decree for sale of interest of principal debtor before resorting to interest of sureties is proper.* A decree directing the sale of the interest of the principal debtor before resorting to the interest of his sureties, *held* not erroneous, in a suit to foreclose a mortgage given to secure notes signed by the holder of a life estate in the mortgaged property as principal and by the owners of the fee as sureties.

3. EXECUTION, § 196*—*what rights are acquired by judgment creditor purchasing equity of redemption.* A plaintiff in execution purchasing thereunder property which is subject to a prior mortgage obtains only the title of the mortgagor and must redeem from such mortgage in order to render his equity of redemption available.

4. EXECUTION, § 193*—*when grantee of land sold under is not entitled to rents and profits.* Under Rev. St. 1916, ch. 80, par. 1, sec. 4 (J. & A. ¶ 7039), relating to the recovery of rent when land has been sold under a judgment, and possession is refused, after demand, until demand in writing by the grantee in a sheriff's deed of a life estate sold on execution is made, the grantee is not entitled to receive the rents and profits arising from the estate.

Appeal from the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

W. F. GRAY, for appellant George Caruthers.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

L. O. WILLIAMS, GEORGE J. SMITH, LEONARD W. ING-HAM and HERRICK & HERRICK, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Arthur W. Fruit, one of the defendants. herein, in 1907 became the owner of a life estate in about 500 acres of land by devise from his father, Edmond W. Fruit, and the children of said Arthur W. Fruit were the owners of the fee in said premises.

Subsequent to 1907, Arthur W. Fruit became involved financially and on November 22, 1909, he borrowed $25,000, to be repaid November 22, 1914, and secured the payment of the same by giving a mortgage, signed by himself and five of his seven children, covering their interest in the said 500 acres of land, to Robert A. Pritchard, trustee. The principal sum of $25,000 was evidenced by 27 promissory notes which were transferred to and are now owned by parties who are complainants in this suit.

On July 12, 1911, Arthur W. Fruit borrowed an additional sum of $3,250, due one day after date, and secured the payment of this sum by a mortgage on said premises, signed by himself and all the children who signed the first mortgage and also Nellie U. Fruit, who had become of age since the giving of the first mortgage. This note and mortgage were given to William J. Marvel and by him assigned to Eliza VanOrdstrand, one of the complainants.

On October 23, 1911, George Caruthers, one of the parties to this suit, started an attachment suit against said Arthur W. Fruit and levied upon the lands in question herein, his levy not being limited to the life estate of Arthur W. Fruit. That suit was begun to recover the amount of a judgment rendered in the State of Mississippi for a deficiency found to be due on a strict foreclosure of a real estate purchase money mortgage, on which purchase $2,500 had been paid.

On November 16, 1911, Arthur W. Fruit and the children who had joined in the mortgages above mentioned executed a deed of trust for said 500 acres of land to George K. Ingham, the purposes and conditions of the trust being that said Ingham should take charge of the lands, collect the rents and profits, pay the current expenses and repairs on the land and apply the balance on the indebtedness of said Arthur W. Fruit, and, when such indebtedness was paid, then the trust was to be dissolved; the indebtedness referred to in said trust deed included the indebtedness to said Gorge Caruthers and provided for the payment of the same, together with the other indebtedness of said Arthur W. Fruit.

On November 22, 1911, Ingham, the trustee, borrowed $3,000, and on August 31, 1912, he borrowed $1,000, which sums were used in carrying out the terms of the trust deed.

In May, 1914, George K. Ingham died and Walter H. Mills was appointed his successor in trust, and the executrix of Ingham paid over to his successor in trust all the proceeds of said trust property on hand at the date of the death of said Ingham, leaving the notes for said loans made by him unpaid.

On June 24, 1913, the said George Caruthers recovered a judgment in the attachment suit in the Circuit Court of DeWitt county against Arthur W. Fruit for $6,235.46, and an order for the sale of the property attached, and on August 2, 1913, the interest of said Arthur W. Fruit in the lands in question was sold to said Caruthers at a sheriff's sale on an execution issued on said judgment for the amount of the debt, interest and costs and no redemption was made from said sale.

On February 20, 1916, a sheriff's deed was demanded and delivered to said Caruthers for said premises and it was filed for record by said Caruthers in the recorder's office of said county.

On March 10, 1915, 4 months after the first mort-

gage was due and about 4 years after the second mortgage was due, bills were filed in the Circuit Court of DeWitt county to foreclose the mortgages hereinbefore described.

The children of Fruit filed answers to the original bills of complaint and filed cross-bills setting forth that they signed the notes and mortgages as security and not in fact as principals, and asked the court to compel the complainants in the original bill to exhaust the life estate of their principal, Arthur W. Fruit, in said lands before appellants should be compelled to pay any of the indebtedness. Caruthers answered the original bills and filed his cross-bill, asking the court to compel the complainants in the original bill to collect their indebtedness out of the estate of the children of Arthur W. Fruit, claiming that he held the life estate by virtue of his having procured a judgment against Arthur W. Fruit in the attachment proceedings, sold the land on execution and secured a sheriff's deed therefor.

The two foreclosure suits above referred to were consolidated by an order of court and a decree entered in the consolidated cause on June 16, 1916, which decree found, among other things, that the judgment of George Caruthers was merged in said sheriff's deed to said George Caruthers and thereby the judgment has become and is fully satisfied, and also found that the fee simple title of said premises could not be sold to pay said judgment in favor of said George Caruthers, and that said judgment could only be paid from the rentals derived from the aforesaid lands or by money borrowed thereon by the trustee or his successor by the terms and provisions of said trust deed.

The decree further ordered that the said Walter H. Mills, as trustee, pay over to the said George Caruthers the amount of all moneys remaining in his hands after paying to Alice A. Ingham, as executrix, the amount borrowed by George K. Ingham, as trustee, being the

sum of $4,000 and interest, out of the sum now in his hands as trustee, after holding back a sufficient sum to pay all obligations and liabilities now existing against said Walter H. Mills as trustee, and upon said payment being made to said George Caruthers that he deliver to said trustee the receipt of him, the said George Caruthers, for the amount so paid to him by the said Walter H. Mills, as such trustee; the decree further reserved for the future consideration and determination of said court all questions as to the right and possession of the mortgaged premises and the rents, income and profits arising therefrom during the redemption period in the event said premises should be sold under said decree.

Caruthers appeals from this decree and contends that the deed of trust given by Fruit and his children to Ingham and to Walter H. Mills as trustees should have been enforced for his benefit. He repudiated the provisions of the trust deed by refusing to accept its provisions after it was made, and by proceeding to attempt the collection of his judgment by attachment and his action in causing to be sold, under the execution in the attachment suit, the life estate of Arthur W. Fruit and in bidding therefor his entire judgment, interest and costs. The sale under the attachment not only extinguished his judgment, but at the same time relinquished all rights he might have had under the deed of trust aforesaid, because all such rights were for the payment of what Fruit owed Caruthers when the deed of trust was executed, and which debt no longer existed after the sale and deed in the attachment proceeding.

It is further contended by Caruthers that the fee in the mortgaged premises should be sold first in order to satisfy the mortgage indebtedness before resorting to the life estate of Arthur W. Fruit therein. The indebtedness secured by the mortgages was the indebtedness of Fruit, and his children signed the notes and mortgages as sureties only. There is no error in the decree

directing the sale of the interest of the principal debtor before resorting to the interest of the sureties.

The title which Caruthers secured by the deed issued to him in the attachment suit was the title to the life interest of Arthur W. Fruit in the premises above mentioned, subject to the two mortgages hereinbefore described. These mortgages were on record against the lands attached when the levy was made. By purchasing the land at the execution sale for the full amount of his judgment, Caruthers exchanged his entire claim for the equity of Arthur W. Fruit in the lands sold. "Such a purchaser is, by the sale, substituted to all the rights of the mortgagor in the premises, but to nothing more. The sale is of the equity of redemption, and the purchaser takes it with the burden, and he is supposed to fix the price he pays at the sale, with reference to the incumbrance on the property, and subject to which he purchases. He no doubt deducts from the value of the property the amount of the mortgage debt, and then regulates his bid with reference to the value above the incumbrance. * * * On such a sale, the purchaser has notice of the incumbrance, and expects to get back his money on a redemption, or to acquire the equity of redemption, and, by discharging the lien, to become the owner of the fee. * * * The principal of *caveat emptor* applies in such sales, and the purchaser must be bound by his acts unless misled by fraud. And, having purchased under the execution, the obligation was upon plaintiffs in execution, if they desired to render their equity of redemption available, to redeem from the mortgage." *Finley v. Thayer,* 42 Ill. 350; *Vanscoyoc v. Kimler,* 77 Ill. 151; *Roberts v. Hughes,* 81 Ill. 131. There was no error in the decree ordering that the purchase by Caruthers was subject to the two mortgages sought to be foreclosed and in refusing to order the title to the fee, which was in the children of Arthur W. Fruit, who executed said mort-

gages as sureties only for their father, to be sold before the sale of the life estate of Arthur W. Fruit.

Appellees, under an assignment of cross errors, insist that the court erred in ordering the trustee to pay all the amount in his hands over the amount borrowed by Ingham, trustee, and interest thereon to Caruthers. The fund in the hands of the trustee Mills does not appear to have been made up of rents and profits arising out of the life estate of said Arthur W. Fruit subsequent to the time the sheriff's deed was issued to Caruthers in the attachment proceeding. After he received his sheriff's deed in the attachment suit, he was entitled to possession of said premises under his deed and entitled to the rents and profits therefrom, but not until after demand in writing in accordance with the statute. Hurd's Rev. St. 1916, ch. 80, par. 1, sec. 4 (J. & A. ¶ 7039). Therefore, said decree, in so far as the same provides for the payment of any sum to Caruthers out of the fund in the hands of the trustee, should be modified for the reason that until after demand in writing has been made by Caruthers, subsequent to the issuing of the sheriff's deed, he is not entitled to receive the rents and profits arising out of the life estate of Arthur W. Fruit, and it does not appear from this record that such demand has been made.

He is not entitled to the benefit of the provision made for him in the trust deed for the reason that he has elected to pursue his remedy in attachment and has fully satisfied his claim, and thereby relinquished any rights he may have had under said deed of trust.

There being no proof of any such demand, the decree, in so far as it directs the payment of any sum, out of the fund in the hands of the trustee, to Caruthers, will be reversed and the cause remanded.

*Reversed and remanded.*