JOHN R. MILLS, Appellant, v. BENJAMIN WEEKS and CALEB D. WEEKS, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

When the parties to a building contract agree that the architect shall decide certain matters, his certificate is admissible in evidence, in so far as it is connected with the matters referred to him, and no farther.

In such a case, where an architect certifies that when some slight additions should be made to the work it would be acceptable, and it appears that these additions have been made, and on notice thereof no further objections are made, it will be a sufficient acceptance.

If parties are to procure the certificate of the architect as to extra work done, before they are to be paid, they must do so, or show a good reason for not doing it.

THIS action, assumpsit, was brought in the Cook County Court of Common Pleas, and at the September term, 1858, was tried before the court and a jury.

The declaration contains two special counts and the common counts. The counts upon contracts are for the recovery of balance of price upon the completion of the work.

The defendant pleaded the general issue, and a plea of set-off.

The two special counts in the declaration are framed upon two several special contracts, containing the same identical provisions, and differing only in the work to be done and the price to be paid for such work.

Both contracts were without seal, and executed by the plaintiffs below in the name of B. & C. D. Weeks.

The contract set forth in the first special count, contained certain specifications, the parts of which, material in the questions involved in the assignments of error in this case, are as follows:

He shall be strictly held to make such work and to use such materials as hereinafter described, and to work up the building to the given design, and in all cases where the drawings are figured, the figures must be taken by him as the given dimensions, without reference to what the drawing may measure on its scale. He will be further held to submit as to the character of the materials used and the work done, to the judgment of the superintendents, and to procure from them all necessary interpretations of the design, *and all necessary certificates regarding his payments.*

Wm. W. Boyington, or his assistant architect, are declared to be the superintendents of the work for the owner; their duties will consist in giving, on demand, such interpretations, either in language, writing or drawing, as in their judgment,

36

the nature of the work may require, having particular care, that any and all work done, and materials used for the work, are such as is hereinafter described, and in giving, *on demand, any certificates that the contractor may be entitled to,* and in settling *all deductions of, or additions to the contract price, which may grow out of alterations of the design, after the same is declared to be contract;* also, *determining the amount of damages which may accrue from any cause,* and to particularly decide upon the fitness of all materials used and work done.

All payments made upon the work during its progress, are on account of the contract, and shall, in no case, be construed as an acceptance of the work executed ; but the contractor shall be liable to all the conditions of the contract, until the work is accepted as finished and completed.

The coal vaults and cellars under the wall, may be put in after the walls of the building are laid up, and must complete the whole job of masonry within 150 days after the above mentioned time,—*said work in no case shall be considered as finished, unless the same is so reported to the superintendent, and accepted by him.*

And in order to secure the execution of the work, in the manner and at the times specified, it is hereby distinctly declared, that the damages arising from the non-fulfillment of the contract, as regards time, shall be thirty-two dollars per day, which is a fair rent of the premises, for each and every day the work remains unfinished, and which sum of damages, shall be deducted from the contract price, as liquidated damages.

Payments to be made on the block as may hereafter be agreed.

These articles of agreement, made and entered into this twenty-second day of March, A. D. 1856, between B. & C. D. Weeks, of the first part, building masons, of the city of Chicago, and Jno. R. Mills, of the same place, of the second part, witnesseth, that the said B. & C. D. Weeks, or their executors, administrators and assigns, for and in consideration of the payment hereinafter to be made to them, by the said Jno. R. Mills, or his executors, do on their part contract and agree to build, finish and complete, in a careful, skillful and workmanlike manner, *to the full and complete satisfaction of Wm. W. Boyington, or his assistant superintendent,* and by and at the times mentioned in the foregoing specifications, the mason's work, of two marble front, five story stores, erected on the corner of Wabash Avenue and Lake street, as aforesaid, so as fully to carry out the design of the work, as is set forth in the foregoing specifications, and the plans and drawings therein especially referred to. Said specifications, plans and drawings, being hereby declared part and parcel of this contract.

Mills *v.* Weeks et al.

And the said Jno. R. Mills, or his executors, administrators or assigns, for and in consideration of the said B. & C. D. Weeks furnishing materials, and fully and faithfully executing the aforesaid work, so as fully to carry out the design for the same as set forth by the specifications and according to the true spirit, meaning and intent thereof, *and to the full and complete satisfaction of Wm. W. Boyington, or his assistant superintendent,* as aforesaid, and at the times mentioned in the foregoing specifications, doth hereby agree to pay to the said B. & C. D. Weeks, the sum of fifteen thousand six hundred ($15,600) dollars, in the following manner: As the work progresses, the superintendent is to make out estimates of the work and materials furnished, and inwrought into the building, and upon the presentation of a certificate of eighty-five per cent. on said estimate, the said Jno. R. Mills is to pay the amount, *and the balance of fifteen per cent. to be paid on the completion of the contract;* Provided, *that said superintendent shall certify in writing that they are entitled thereto.*

The contract and specifications set out in the second count are precisely like those contained in the first count, except that such contract is for the stone cutting work, on the same building, and the amount to be paid is fifty-one hundred dollars, and the contract is made and executed in the same way, and in the name of B. & C. D. Weeks.

Upon the trial of this cause, the plaintiffs read in evidence the original contracts, of which copies are given in the first and second counts of the declaration.

Plaintiffs then offered in evidence a certificate of Wm. W. Boyington, dated the 29th day of November, 1856, admitted to be in the hand-writing of and signed by the said Boyington, in the words and figures following, to wit:

"I hereby certify, that the within bill is, in my judgment, just and correct between the parties. I have carefully estimated and taken the whole matter into consideration, and have given Messrs. B. & C. D. Weeks a written list of different deficiencies that I wish them to do in order to complete the contract, and when these different items are completed, the building will be acceptable.

WM. W. BOYINGTON, *Superintendent.*"

*November 29th,* 1856.

Which said certificate was written upon the back of a paper containing the following account, which was also admitted to be in Boyington's hand-writing:

Mills *v.* Weeks et al.

Mr. J. R. Mills,                                    *Chicago, November* 10*th*, 1856.

To B. & C. D. Weeks,                    Dr.

| | |
|---|---:|
| To Extra Base on Party Wall, 210 ft. *a* .40 | $84.00 |
| " 295 ft. extra Stone Work in Party Wall, thickness 17 | 101.15 |
| " Extra height of Basement Story, 391 ft. 17 | 66.47 |
| " 70 lbs. Anchors for Iron Lintels, 08 | 5.60 |
| " Setting 120 Iron Lintels, 20 5-12 | 25.00 |
| " 1 Stone Pier in Cellar | 24.50 |
| " 560 ft. Stone Work, extra thickness to vault wall, .16 | 89.60 |
| " 5,400 Brick in Follansbee's Chimneys, *a* $13.00 | 70.20 |
| " Setting Curb | 35.00 |
| " 45,675 Brick in Partition Wall, *a* $12.00 | 548.10 |
| " 3,600 Brick in Jog in Wall | 43.20 |
| " Extra for turning Arches in 1st story | 30.00 |
| " 60 yards extra Plastering, *a* .25 | 15.00 |
| " 68 Window Eyes in area Hall, *a* .10 | 6.80 |
| " 2,310 ft. Truck Pointing, Labor, Mortar, etc | 50.00 |
| " 3 days extra, (height of wall) Brick work, etc | 96.00 |

|  |  |
|---|---:|
| | $1,290.62 |
| *Amount of Contract* | 20,700.00 |
| | $21,990.62 |
| *Am't Bro't Up* | 20,907.97 |
| | $1,082.65 |

Messrs. B. & C. D. Weeks,

To J. R. Mills,                          Dr.

| | | |
|---|---:|---:|
| For 60 days delay non-compliance with Contract, *a* $32.00 per day | | $1,920.00 |
| " Bill of Items, A. Campbell | 32.97 | |
| " Accommodation to Carpenter, | 5.00 | |
| " Delay caused to Carpenter | 350.00 | 2,307.97 |
| " Certificates drawn | | 17,400.00 |
| " Order to Illinois Stone Dressing Co | | 1,200.00 |
| Carried up | | $20,907.97 |

Which said account was not offered in evidence by the plaintiffs with said certificate, and the defendant by his counsel, then and there objected to the reading of said certificate as evidence, unless said account was also read, for the reason that said account was referred to in, and thus made a part of said certificate, which objection the court overruled, and the defendant then and there excepted.

The signature being admitted, the plaintiffs also offered and read in evidence, the memorandum of deficiencies referred to in said certificate of Boyington, which is as follows :

"MESSRS. B. & C. D. WEEKS:

Your attention is called to the following items that will be required to be done to close up the contract of J. R. Mills' Block of Stores, on corner of Lake St. and Wabash Avenue, viz: Point up about chimneys and fire walls on roof, and secure some loose brick. Point up under all the windows in each story, the same as done in the upper story. Point up under some of the arches under the side-walks. Clean down front stone-work and side window-caps, and cement up holes in top of caps. The lintels over several of the windows are not wide enough to reach, the wood-frame should be pointed. Fill up where the slip sills were put in on Wabash Avenue not thick enough. Point up about basement window frames.

WM. W. BOYINGTON,

*Chicago, Ill., Nov.* 20, '56.                                    *Superintendent."*

There was no other certificate made by Boyington or assistant, given in evidence.

There was evidence adduced on both sides, but it is not material to the points ruled by the court, and therefore it is not introduced.

Here the plaintiffs rested, and defendant by his counsel, thereupon moved the court to exclude from the jury all the evidence offered as to the work done under the contracts, on the ground that it has not been shown that the building has been completed to the satisfaction of the superintendent, and no certificate has been produced from the superintendent showing that plaintiffs are entitled to payment.

The court overruled the motion, and defendant excepted.

*William W. Boyington,* for defendant, testified that he was the person named in the contracts as superintendent. Then stated as to the taking down part of the wall on Wabash Avenue, and the reason, and stated that the changes of wall and excavating, did not occasion delay. That he made out the writing, dated Nov. 20th, 1856, and offered in evidence by plaintiffs. The deficiencies therein mentioned, actually existed at that time. I have no recollection of ever having been notified by the plaintiffs that the work specified in the writing, was completed. They may have notified me and I forgotten it.

The defendant proved his offsets, and rested his case.

The certificate of the 29th Nov., 1856, with the statement on the back thereof, made by said Boyington, was given to the jury by the consent of counsel on both sides.

The defendant asked the court to instruct the jury as follows:

1st. That the parties in and by the contracts, set out in the first and second counts of the declaration, and given in evidence in this cause, have fixed upon a certain mode by which the plaintiffs' right to payment under the said several contracts, as upon a completion of the work therein mentioned shall be ascertained, viz: *the certificate of the superintendent, in writing, tha*

*they are entitled thereto.* The plaintiffs, therefore, in order to enforce the said contracts, or either of them, as upon a completion thereof, must show that they have done everything on their part, in this respect, which could be done, to carry the respective contracts into effect, and they cannot compel the payment of any alleged balance under the said contracts, or either of them, as upon a completion of the work mentioned in the said respective contracts, unless they procure and prove such certificate in writing of the said superintendent, or show that by time, accident, fraud, or by some other reasonable excuse, they were unable to do so.

2nd. If the jury believe, from the evidence, that the matters contained upon the same paper, and on the side thereof, other than that on which the certificate of Wm. W. Boyington, bearing date the 29th day of November, 1856, is contained, are the same referred to in said certificate, then the jury should consider the said matters as a part of said certificate, and as competent evidence, and proper for their consideration in connection with the other testimony in this case, in determining the rights between the parties to this suit, and the amount of the recovery therein.

3rd. If the jury believe, from the evidence, that at the time of making the several contracts set out in the first and second counts of the declaration, and read in evidence in this cause, and also in doing the work in question, the witness, Hiland B. Weeks, was associated with the plaintiffs, and doing business with them, under the name of B. & C. D. Weeks, and under that name entered into the said contracts, and performed all the work in question with plaintiffs, then he should have been joined as plaintiff, and the jury must find for the defendant.

4th. That if the jury find, from the evidence, that any portion of the plaintiffs' claim in this suit, is for work done by making alterations from the contracts set out in the first and second counts of the plaintiffs' declaration, and read in evidence, and the plans and specifications connected therewith, and that the said alterations were made by the direction of the superintendent of the work mentioned in said contracts, yet the plaintiffs, in order to recover payment for such work, must procure and prove the certificate in writing of said superintendent, that they are entitled thereto, or show that by time, accident, fraud, or some other reasonable excuse, they have not been able to do so.

The court refused to give the second, third and fourth instructions, and the first instruction was modified by the court, and the said amendment made to read as follows :

Mills *v.* Weeks et al.

1st. That the parties, in and by the contracts set out in the first and second counts of the declaration, and given in evidence in this cause, have fixed upon a certain mode by which the plaintiffs' right to payment under the said contracts, as upon a completion of the work therein mentioned, shall be ascertained, viz: *the certificate of the superintendent, in writing, that they are entitled thereto.* The plaintiffs therefore, in order to enforce their said contracts, or either of them, as upon a completion thereof, must show that they have done everything on their part, in this respect, which could be done, to carry the respective contracts into effect; and they cannot compel the payment of any alleged balance under the said contracts, or either of them, *as specified or for extra work,* as upon a completion of the work mentioned in the said respective contracts, unless they procure and prove such certificates, in writing, of the said superintendent, *or unless you believe, from the evidence, that all the work specified in the memorandum given in evidence, in the hand-writing of Mr. Boyington, and referred to in the certificate of said Boyington, in relation to the completion of the work, was completed before the commencement of this suit.*

And the said first instruction, so amended as aforesaid, was given by the court. To which said ruling of the court in refusing the said second, third and fourth instructions, and each of them, as asked for by the said defendant, and in modifying the said first instruction, the said defendant, by his counsel, then and there excepted.

The jury found a verdict for the plaintiffs, and against the defendant, for $5,675.89.

The defendant made a motion for a new trial, which the court overruled.

The court rendered judgment for plaintiffs against defendant, upon said verdict, and defendant prayed an appeal.

Plaintiff in error assigns for error the following:

1st. The court erred in excluding the statement or account, upon the other side of the paper containing the certificate of Wm. W. Boyington.

2nd. The court erred in overruling the motion to exclude the plaintiffs' evidence, for the reason that there was no evidence that the work was done to the satisfaction of the superintendent —the plaintiffs did not produce and prove the certificate of the superintendent that they were entitled to any payment under the contracts.

3rd. The court improperly refused the second, third and fourth instructions asked by the defendant, and in modifying the first instruction, so asked as aforesaid.

4th.   The court erred in overruling the motion for a new trial.

Scates, McAllister & Jewett, for Plaintiff in Error.

King, Scott & Wilson, for Defendants in Error.

Walker, J.   The first assignment of error, questions the correctness of the decision of the court below, in excluding the statement on the opposite side of the paper, containing the certificate of the superintendent.   It is insisted that this statement was admissible under this provision of the contract of the parties, that Boyington, or his assistant architect, should be the superintendents of the work, for the owner, which provides that "their duties will consist in giving, on demand, such interpretations, either in language, writing or drawing, as in their judgment, the nature of the work may require, having particular care that any and all work done, and materials used for the work, are such as is hereinafter described, and in giving, on demand, any certificates that the contractors may be entitled to, and in settling all deductions of, or additions to the contract price, which may grow out of alterations of the design, after the same is declared to be contract ; also, determining the amount of damages which may accrue from any cause, and particularly to determine upon the fitness of all materials used, and work done."   The certificate read in evidence, by appellees, was given by Boyington, on the back of a paper containing his statement of an account between the parties, and in which he states, that the bill in his judgment is correct.   And in the certificate, he says he has carefully examined the whole matter, and given to appellees a written list of different deficiencies under the contract, which he wished them to perform, in order to complete the work, and when they should be completed, the building would be acceptable.   In the bill of items, referred to in this certificate, he fixes the amount of extra labor and materials, furnished by the appellees, and estimates the damages sustained by the appellant, for delay, and the damages that the carpenters had sustained by delay of the work by appellees, and allows payments made by the appellant to the appellees, and items to other persons, as charges against them.   The architect, under this agreement, had the authority, and it was made his duty, to estimate all additions to, or deductions from the contract price, growing out of a change of plan, or damages accruing from any cause.   If any of the items in this account, were for increased labor or materials furnished by reason of a change in the plan of the work, then such estimate, both as to amount and value, were admissible, as

they were provided for by the contract, and the superintendent was required to make such estimate. But if any portion of these items were for labor and materials, not embraced in the original contract, and were furnished without any change in the plan, then the contract did not authorize the superintendent to take them into his estimate, and appellees were not bound by his estimate of such items. The superintendent had the right, under the agreement, to estimate and determine the amount of damages which might accrue, from any cause. The delay in completing the building within the time specified, was a damage to the appellant, and although the parties agreed that it should be thirty-two dollars for each day that the work should be delayed, still the amount was not determined, and it still required that the number of days be ascertained, before the amount could be fixed. This damage was one of the causes provided for in the agreement, and the superintendent had a right to estimate it, and when made, the parties were bound by it. But the contract gave to the superintendent no right to fix and determine the damage the carpenters had sustained, and until they claimed of appellant such damages, and the amount had been ascertained, the superintendent had no right to take them into any estimate he might make. If they were charged to, and paid by appellees, and were never claimed of, or paid by appellant, to the carpenters, appellant would receive money to which he has no claim, legal or moral. Nor does the agreement confer upon the superintendent, the right to ascertain and allow payments made by the owner to the contractor, and so far as his statement of accounts between the parties makes such charges, it is unwarranted, and is not binding upon them. But when the appellees offered this certificate, the account should have been admitted with it, and the court should, by instruction, have directed the jury to disregard such portions as the superintendent was not authorized to make, and to receive and act upon the remaining portion, as evidence in the case.

It was urged on the argument, that the court erred in not excluding the evidence, because the appellees did not show that the work had been accepted by the superintendent. He by his certificate to both parties, stated that when some slight additions were made to the work, that it would be acceptable. And the evidence tends to show that this work had been done, and the superintendent was notified of the fact, and no objections made. And we think that these facts show a sufficient acceptance of the work, to authorize appellees to maintain an action, to recover the balance, if any, to which they may be entitled, under the contract. So soon as this work, specified and required to be done by the superintendent's certificate, was performed, the work,

by the terms of that certificate, was accepted by the superintendent, and they then became entitled to their pay, under the contract.

If the contractors became entitled under this contract, to additional compensation for work and materials furnished in consequence of any alteration of the plan, and had used all reasonable efforts to get the superintendent to make the estimates of the same, and were prevented by accident, fraud or any unavoidable cause, they would be entitled to recover for such labor and materials, such value as they proved themselves entitled to receive. But under the provisions of this agreement to recover for such items, they are required to produce the superintendent's written certificate of amount and value, or show that they have made the effort to procure it and have been prevented by fraud, accident or unavoidable cause.

Upon an examination of the record we perceive no evidence tending to prove that H. B. Weeks was a partner of his sons in this transaction, the appellant's third instruction was therefore properly refused.

The various questions raised by the errors assigned in refusing the other instructions of appellant, and the modification made to the first, before it was given, have already been considered in this opinion, and we deem it unnecessary to again notice them specifically.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*