# E. S. Fowler *et al.*

## *v.*

## William C. Deakman.

1. Contract—*architect's certificate, when necessary before suit.* Where the parties to a contract for labor in cutting stone make an architect umpire, to settle all disputes, and agree that his decision shall be final, and agree for the payment for extra work, provided the architect shall certify to the amount due, they will be bound by the agreement, and unless the architect acts in bad faith, refuses to act, or is prevented by some unforeseen or uncontrollable cause, no action can be maintained for extra work without his certificate. But if he refuses to decide, suit may be brought.

2. Same—*bad faith and collusion, when alleged, must be proved.* Where a contract provides that no payment for extra work shall be made except upon the certificate of the architect, who is made an umpire, and the workman sues without such certificate, alleging bad faith and collusion between the architect and the defendant, the bad faith and collusion must be proved before the plaintiff can recover, unless the common counts are also filed.

3. Same—*time of performance.* Where no time is specified in a written agreement in which work on a building shall be completed, the law will imply that it is to be done within a reasonable time.

4. Pleading and evidence — *recovery under common counts.* Where a party has fully performed his part of a written contract, and nothing remains to be done but for the other party to pay the money due therefor, a recovery may be had under the common counts, and the plaintiff, under such counts, may make any proof showing his right to recover.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. J. R. Doolittle, and Mr. J. R. Doolittle, Jr., for the appellants.

Mr. John Woodbridge, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellee brought assumpsit in the circuit court of Cook county, against appellants, to recover for cutting and setting stone in the front of Superior Block, on Clark street, in the city of Chicago. There were counts on the written agreement of the parties, under which the work was done, to recover a balance claimed to be due. The common counts were added.

The contract, amongst other things, provides: "That the work shall be done in accordance with plans and specifications referred to therein; that the architect, W. W. Boyington, shall be superintendent of the work; that all changes or modifications in the design shall be made under his direction; that the work shall be done to the satisfaction of the architect and superintendent; that the architect shall be the umpire or arbitrator to settle all disputes between the parties to the contract; that his decision shall be binding and conclusive." Appellants agreed to pay the price stated, and such additional sum for extra work not included in the original plans and specifications as might be fixed by the architect, provided he should certify that a sum of money was due from the owners to the contractor.

It is urged, that appellee having failed to procure a final certificate for the balance he claimed from the architect, the action must fail—that such a certificate was indispensable to create a liability on the part of appellants. The parties, by their contract, have made the architect an umpire or arbitrator to settle all disputes and differences growing out of their contract, and that payment should only be made on his certificates that money was due under the agreement. Having made the agreement, they must be governed by it, unless the architect should act in bad faith, refuse to act, become incapacitated to

act, or be prevented by some unforeseen or uncontrollable cause.

In this case, the architect was frequently called upon by appellee, or by others for him, for a final certificate, but after striking out some items charged for extra work, and delaying about a year after he was first applied to, he declined to do anything further in adjusting the differences between the parties, and made this indorsement on appellee's account, and returned it to him:

"This is to certify that I have examined the within bill of additional items, and have erased such as I consider does belong to the contract, and not right to charge to the owners. The balance of the bill I do not approve as due from the owners, as they claim damages for delays and imperfect work, and loss of rent and stone material, to more than the balance of this bill. I therefore most respectfully decline to further try to adjust the differences between the parties in interest."

Here the architect unmistakably refused to proceed further, even in an effort to adjust the disputes of the parties. This, then, absolved appellee from any further efforts to procure the certificate, and entitled him to sue and recover any amount which might be due and owing to him.

But it is urged, that in the special counts it is averred that the architect, "in bad faith and in collusion with defendants, has declined and still does decline to settle the account between said plaintiff and said defendants under said contract, and in bad faith and in collusion with said defendants has absolutely refused, and still does refuse, to certify in writing what sum of money is due said plaintiff from said defendants under said contract," and that there is no evidence to prove bad faith and collusion with the defendants. If there were only the special counts in the declaration, then the objection would be well taken; but there are the common counts, and it has always been held, in our practice, that where a party has fully performed his part of a written contract, and nothing remains to be done but for the other party to pay the money due under the contract, a recovery may be had under the common counts;

and it is usual, in declaring on the contract specially, in such cases, for the purpose of avoiding a variance, to add the common counts.

Appellee, then, had the right to make any proof that would entitle him to a recovery under his common counts, and in doing so he might read in evidence the written agreement, and make such other proof as was legitimate.  Had there only been the common counts, the introduction of this written statement of the architect would have shown a sufficient excuse for not procuring his certificate, as he there states that he declines to proceed to ascertain the balance, if anything, due to appellee; and this statement was equally admissible and proves as much, under the common counts, with the special counts in the declaration, as though the common counts had stood alone.  It showed that appellee was absolved from the requirement of the agreement that the architect should settle and certify the amount due, before an action could be brought.  This written statement was not admissible under the special counts, but was under the common counts, and as we find it in evidence, we must presume it was admitted under them.  This statement, then, shows that appellee had a right to sue without making further effort to get the architect to make a settlement, and to give a certificate of the amount due.

To appellee's claim for a balance due him for work performed, appellants interposed a claim for damages because the work was not skillfully done, the waste of materials, and for delay, resulting in loss of rents from the use of the building.

As to whether the work was unskillfully performed, there is a contrariety of evidence.  Whilst some witnesses regard the stone as unskillfully set, resulting in breaching of the walls, others say that was owing to the settlage of a defective and insufficient foundation for such a building, which was constructed by other mechanics.  It was the province of the jury to weigh and reconcile this evidence, if they could, and if not, then to find the preponderance.  They have done so, and found for appellee, and we have seen no reason to disturb that finding.

As to the waste of the material, the work was done in the

winter, and the stone was newly quarried, had not dried, and a portion of it was injured by freezing; but the evidence strongly tends to prove, that a portion was taken care of under the direction of the architect, and the remainder in the usual manner. To this there was opposing testimony, but the jury had evidence before them which warranted them in finding that it was not from the fault of appellee that the stone was injured. We can not, therefore, hold that their finding on this question was erroneous.

In reference to the question of loss by delay in completing the building, there was no specified time fixed by the written agreement in which the building should be completed. In such a case, the law implies that it shall be done within a reasonable time, and there was ample evidence, if the jury believed, as we suppose they did, appellee's witnesses, to authorize them to find that the work was done in a reasonable time.

It is insisted that the court erred in refusing to give the last in the series of appellants' instructions. A comparison will show, that what stands as their third instruction in the record, embodies all of the refused instruction that should have been given. The refused instruction required a verdict for appellants, unless appellee had failed to procure the certificate by reason of the bad faith of the architect acting in collusion with appellants. This, we have seen, was not required under the common counts. It would, therefore, have been error to have given this instruction, as it would be calculated to mislead.

The evidence was all before the jury, and they were fairly instructed, and have found the issues for appellee, and we, after a careful consideration of the record and arguments, are unable to say there is any error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*