## JAMES WILDERMAN ET AL.
### v.
## WILLIAM PITTS.

*Contract to Dig Well—Recovery on—Evidence—Instructions—Practice.*

1.    Where, under a contract to do a certain thing, the contractor is bound to make certain tests. and is prevented from doing so by the contractee, he will be excused from the performance of such requirement.

2.    Specific objections to the admission of evidence by the trial court, general objection only thereto having been made therein, can not be considered by this court.

3.    In an action brought to recover upon a contract to dig a well, this court holds that the jury were justified in finding that the well, when finished, was of the capacity, and would furnish the supply of water required by the terms of said contract; that the evidence established the fact that the plaintiff was prevented by the defendants from testing the well after it was finished, and declines to interfere with the verdict for the plaintiff, although the same is for less than the contract price.

[Opinion filed February 2, 1891.]

Appeal from the County Court of St. Clair County; the Hon. John B. Hay, Judge, presiding.

Messrs. William Winkelman and J. M. Hamill, for appellants.

Messrs. Turner & Holder, for appellee.

Green, J.  This cause has been tried twice, and each trial resulted in a verdict and judgment for plaintiff in the County Court.  After the first trial the record was brought up to this court for review and we reversed the judgment and remanded the cause.  The declaration in that record consisted of the common counts only, and we said in the former opinion the proof did not show plaintiff had *finished* a well of the required capacity, or had *finished* a well at all; that the contract between the parties was a special contract, by the terms of which plaintiff was to finish a well of a given capacity within a reasonable time, and until he complied with these conditions he could not rightfully demand that defendant should help test the capacity of the well.  We also said: "It is only in a case where a special contract has been fully performed, so that nothing remains to be done but to pay the contract price, that a recovery of such price can be had under the common counts in assumpsit;" but the pleadings and proof in the present record differ from those in the record then before us.  When the cause was redocketed below, plaintiff amended his declaration by adding to the common counts a special count averring a special verbal contract was made between himself and defendants on or about July 10, 1885, to the effect that plaintiff should bore and dig a well for defendants on their premises, which should be of the capacity, and should furnish eight barrels of water daily for two days; that defendants should pay for said well, when so dug and bored as aforesaid, the sum of $250, and that defendants were to help test the well.  It was further averred that plaintiff did then and there dig and bore said well, and upon the completion thereof, did then and there request defend-

ants to help test said well; that they refused and would not permit plaintiff to test it and refused him permission to enter their premises for the purpose of testing said well, by means whereof defendants became liable to the plaintiff to pay him said sum of $250, and being so liable, in consideration thereof, promised plaintiff to pay him said sum on request. The breach is then averred and *ad damnum* $500. Defendants interposed a plea which amounted to the general issue, to which plea a demurrer was sustained, and also a plea of the general issue, on which issue was joined, and upon that issue the cause was tried. The verdict and judgment was for plaintiff, for the sum of $200 damages and costs. The special plea amounted to the general issue, and the demurrer to it was properly sustained. Upon the issue joined, on which the cause was tried, plaintiff was obliged to prove the special contract as alleged, and his compliance with its terms, or a legal excuse for non-compliance with any condition thereof before he could recover for digging or boring the well, and defendants had the right and were permitted to introduce all the evidence in their behalf to prove the well was dug under a special contract, and that plaintiff had failed to perform it. Under the special plea the proof required on plaintiff's behalf would have been the same, and so would the proof defendants could have properly introduced in their defense.

We are also of opinion the evidence in this record sustains the verdict, if the jury gave credit to the testimony of witnesses on behalf of plaintiff, rather than to the testimony of defendants' witnesses touching material facts, viz., the finishing of the well within a reasonable time, the capacity of the well to furnish the required quantity of water, and the reason why the capacity of the well was not tested. Plaintiff, in answer to the question, "When you had finished that well what did you do?" testified: "After we finished, just as the last was taken out in the finishing up of the well, I called for a test of the well." He also testified, on cross-examination, in answer to the question, "Could it be used?" "Yes, sir, it could be used. There was nothing to hinder them. It was clear then when we left it. I finished the well myself, with the aid of a

certain man here. We put the gravel around the pipe to keep the quicksand from coming up;" and to the next question, "All was done and in excellent order?" answered, "Yes, sir." On re-examination, he testified: "When I went to see them about testing the well, after I had finished it, they said they had no time to test the well." He further testified on re-cross: "The well was finished in July; I don't remember the exact date." The testimony of the witness George Barger, also tended to corroborate plaintiff in his statement that the well was finished. The evidence of plaintiff and of the witnesses Dusenbury, Barger and Kaiser was sufficient to justify the jury in finding that the well when finished, was of the capacity and would furnish the supply of water required by the terms of the special contract. Furthermore the evidence established the fact that plaintiff was prevented by defendants from testing the well after it was finished. Hence, if the testing of the well was required by the contract and plaintiff was ready and willing and offered to make the test, but was prevented from making it by the defendants, he was thereby excused from the performance of that requirement. In Fowler v. Deakman, 84 Ill. 130, cited by counsel for appellants, by the terms of the contract, a certificate of the architect was required fixing the price of work. The architect was frequently called upon by plaintiff for such final certificate, but after striking out some items and delaying about a year, he declined doing anything further.

The court say in the opinion, the architect unmistakably refused to proceed further even in an effort to adjust the dispute of the parties; this, then, absolved appellee from any further efforts to procure the certificate, and entitled him to sue and recover any amount which might be due and owing him. In the case at bar, the condition that the well should be tested was for the benefit of appellants. If they chose to prevent its performance, they thereby absolved appellee from the duty to perform it. But counsel for appellants insist that the verdict being for $200, a sum less than the contract price, "and as the special count is for the contract price and not for damages accruing by reason of a breach, the special count

furnishes no basis for this verdict, and we must find, if we can, a basis for it in some of the other counts." Counsel then claims that under the common counts, the evidence does not justify a verdict for $200, and hence should have been set aside. We do not concur in this view. If the jury were justified in finding from the evidence that appellee had fully performed the special contract for digging the well, then nothing remained to be done under it but for defendants to pay the money due him for the work, and he could rightfully recover under the common counts; and it does not follow that, because the verdict is for a sum less than the price claimed, the jury did not find the contract was fully performed by appellee. Plaintiff might justly complain if the verdict is for less than he was entitled to recover, but if he chose to sustain the loss rather than to have the verdict set aside, and incur the expense and delay of another trial, he had the right to do so, and ought not to be deprived of the benefit of his judgment for the amount of the verdict rendered. Defendants could not be thereby injured. The judgment is a complete bar to any further recovery for any of the causes of action set up in the amended declaration.

It is also said the court erred in permitting plaintiff to introduce the evidence of Frank Kaiser, taken on the former trial, contained in the notes made by Krebs, a court reporter. The death of Kaiser was proved. Krebs then testified he was a court reporter and reported the evidence at the former trial. He identified the transcript of the evidence as that taken by him at former trial, and as the transcript of the evidence of deceased witness at that trial. Counsel for defendant made a *general objection* in the trial court to this evidence, and now in this court for the first time makes the *specific* objections "that the stenographer failed to state that the transcript of the evidence is correct, and that Kaiser testified on the former trial as set forth in the transcript." These specific objections came too late in this court. They should have been made in the court below and an opportunity there have been given to make the necessary proof and obviate any objection. Some other objections are made to the ruling of the court in admit-

Wilderman v. Pitts.

ting evidence for plaintiff, but we deem it unnecessary to discuss them. The only other error assigned requiring our attention, is giving plaintiff's first instruction, the only one given on his behalf, except as to the form of verdict : " If the jury believe, from the evidence in this case, that the plaintiff bored and dug a well for the defendants, which would furnish eight barrels of water per day for twenty-four hours, for two days, and that he was to have $250 for such a well from the defendants, then they will find for the plaintiff, even though they believe the well has not been tested, if they believe from the evidence the failure to test the well was not the fault of the plaintiff." The criticism upon this instruction is, that it ignores the condition " to dig the well *within a reasonable time*," and furthermore, that the last clause announces a proposition which is not the law, because if the test was not made *by reason of an accident*, not attributable to the fault of plaintiff, he would not be excused; hence the instruction should not have been given without qualification. We do not think the instruction was calculated to mislead the jury, or was bad for the second reason suggested.

There was no pretense or claim on the part of plaintiff that aught but the act of defendants prevented the test being made, and there was no evidence on his behalf directing the attention of the jury to any other cause for not testing the well. Nor, in view of the instructions given for defendants, do we feel the jury were misled by omitting from their instruction the conditions mentioned. The court gave four instructions for defendants. The first informs the jury that plaintiff must prove by a preponderance of the evidence that he has bored and dug a well of the capacity to furnish eight barrels of water daily for two days, upon a test thereof, before he can recover under the special count. The second was not a proper instruction without some qualification. The third informed the jury, if no time was specified when the well should be finished, the law is that plaintiff should finish the well *within a reasonable time* from the date contract was made.

We perceive no error requiring the reversal of the judgment and it is affirmed.          *Judgment affirmed.*