## Frost et al. v. Rand, McNally & Co.

1. BUILDING CONTRACT—*Architect's Certificate.*—Under a contract between parties for the erection of a building providing that payment was to be made upon the presentation of a certificate signed by the architect, *it was held,* that if the architect refuses to act upon matters left to his decision under the contract, then such certificate ceases to be a condition precedent.

**Memorandum.**—Assumpsit.  In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.  Declaration on the common

counts; motion to exclude plaintiff's testimony sustained; plaintiff appeals. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

WALLACE HECKMAN and JAS. G. ELSDON, attorneys for appellants.

APPELLEE'S BRIEF, GEO. L. PADDOCK AND H. T. GILBERT, ATTORNEYS.

It has been repeatedly held that under such a contract as that in controversy the obtaining and presentation of the architect's certificate are conditions precedent to any right of recovery. Mills v. Weeks, 21 Ill. 561; McAuley v. Carter, 22 Ill. 53; Downey v. O'Donnell, 86 Ill. 49; Packard v. VanSchoick, 58 Ill. 328; Badger v. Kerber, 61 Ill. 79; Korf v. Lull, 70 Ill. 520; Coey v. Lehman, 79 Ill. 173; Downey v. O'Donnell, 92 Ill. 559; Barney v. Childs, 120 Ill. 154; Vermont St. Church v. Brose, 104 Ill. 215; Michaelis v. Wolf, 136 Ill. 68.

The parties, by their contract, have made the architect an umpire or arbitrator to settle all disputes and differences growing out of their contract, and the payment should only be made on his certificate that money was due under the agreement. Having made the agreement, they must be governed by it, unless the architect should act in bad faith, refuse to act, become incapacitated to act, or be prevented by some unforeseen or uncontrollable cause. Fowler v. Deckman, 84 Ill. 130.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants were contractors for the ornamental iron work for a magnificent building erected by the appellee — a corporation — in the city of Chicago. They sued for money which they claimed was due, having completed their contract.

The case is very voluminous, but the question for us is in a small compass.

The contract between the parties was the usual one to pay "upon the presentation of certificates signed by the " architects, and as the architects would not give the certificates, the court held that the appellants had no case. That under such contracts architects' certificates are conditions precedent to payment, is no better settled than is the exception that if the architects refuse to act upon the matters left to their decision, then such certificates cease to be conditions precedent.   Fowler v. Deakman, 84 Ill. 130.

The appellants were delayed by other contractors whose work preceded that of the appellants.   The contract provided that " the owners may at any time make, or require to be made, any alterations in the plans, material or workmanship that said owners may deem proper, without annulling or invalidating this agreement; and in case of any such alteration or deviations from the plans or specifications, involving an increased or diminished expense in the parts so altered, the amount thereof to be allowed to the contractors or owners shall be such as may be equitable and just; and in case such alterations and deviations require additional time for execution, a fair and reasonable amount shall be added to the time stipulated for the completion of the said building, as set forth in the specifications.   Should delays be caused by other contractors to the positive hindrance of the contractors hereto, a just and proper amount of extra time shall be allowed by the architects, provided said contractors shall have given written notice to the architects at the time, of such hindrance or delay."

The appellants gave the notice as thus required, but the architects did nothing in pursuance of the power conferred upon them.

Another provision of the contract was that " in case the parties shall fail to agree as to the true value of extra or deducted work, or the amount of extra time, the decision of the architects shall be final and binding; the same in case of any disagreement between the parties relating to the performance of any covenant or agreement herein contained."

The contract also provided: "It is, however, mutually

covenanted and agreed that all damages for delay as mentioned in the specifications shall be deducted from the contract price as liquidated damages."

The specifications referred to declare that the work should be finished on or before the 15th day of March, 1890, and provided damages for delay in the following terms:

" And to secure the work at the time and in the manner specified, it is hereby declared and set forth that the damages arising from the non-fulfillment of this contract shall be $200 for each day the work remains uncompleted after above date, which sum of damages shall be deducted from contract price as liquidated."

It is undisputed that the appellants did all that the contract required of them, but the work was not completed until August, 1890. The unpaid portion of the contract price and extras is $10,588.53. In October, 1890, the appellants undertook to obtain from the architects a final certificate, and it was the opinion and understanding of all parties then, that the architects had authority to certify what was the true amount that remained unpaid, but the architect held that it was also his duty to pass upon all claims that the parties had against each other, including their respective claims for damages; on the one hand to the appellants for being delayed by other contractors, and on the other hand to the appellee for delay in the completion of the work. In this opinion of the architect the court seems to have concurred and made it the ground of decision.

Acting upon this view of his duty, the architect refused to give to the appellants any certificate except such a one as should be a final certificate of the amount due, if any, to the appellants, after taking into account all claims for damages either way. Not being willing to submit the claims for damages to the decision of the architect, the appellants brought this suit.

A question is made whether, when the appellants gave notice that they were delayed by other contractors, the architects should then have fixed the amount of extra time to be allowed, or might fix it at the close of the work; but in the view we take of the case, that question is unimpor-

tant.   If the architect was in point of law right in his view
of his duty, the appellants can not recover; if he was wrong,
the whole controversy is open for judicial determination on
the actual merits between the parties.

The appellee quotes from Fowler v. Deakman, 84 Ill. 130 :

" The parties, by their contract, have made the architect an
umpire or arbitrator to settle all disputes and differences
growing out of their contract, and the payment should only
be made on his certificate that money was due under the
agreement.   Having made the agreement, they must be gov-
erned by it, unless the architect should act in bad faith,
refuse to act, become incapacitated to act, or be prevented
by some unforeseen or uncontrollable cause."

In that case the contract provided that the architect
should be the umpire or arbitrator to settle all disputes be-
tween the parties to the contract, and that his decision should
be binding and conclusive.   There is nothing equivalent to
that in the contract between these parties.

The value of extra or deducted work, the amount of extra
time, items which were left to the architects, do not em-
brace damages to be allowed for any cause; and the further
cause of any disagreement between the parties relating to .
the performance of any covenant or agreement, may make
their decision binding on the question whether there has or
has not been such performance, but not as to the reparation
for non-performance.   It was no part of the duty of the
architect to keep an account and " ascertain and allow pay-
ments made by the owner to the contractor."   Mills v.
Weeks, 21 Ill. 561.

This court is already committed to the position that the
language used in the contract between these parties did not
submit questions of damages to the decision of the architect.
Nelson v. Pickwick, 30 Ill. App. 333.

It follows that the refusal of the architect to decide upon
questions within his authority, unless the appellants sub-
mitted also questions not within his authority, was such an
act as dispensed with the necessity of presenting his cer-
tificate.   The case should have been left to the jury.

The judgment is reversed and the cause remanded.