Robert D. McDonald

*v.*

J. W. Patterson & Co. *et al.*

*Opinion filed June 21, 1900—Rehearing denied October 5, 1900.*

1. Practice—*when appellant's brief does not comply with the rules.* A brief does not comply with the rules of the Supreme Court which consists of the original brief and argument and reply argument filed in the Appellate Court, bound together, in which questions not open in the Supreme Court are discussed and assignments of error sustained by the Appellate Court are still insisted upon.

2. Mechanics' liens—*when failure to obtain architect's certificate is no defense.* The obtaining by a contractor of the architect's certificate that the work is satisfactory, in accordance with a condition of the contract, is not essential to his right to enforce a mechanic's lien, where his failure to obtain such certificate is due to collusion between the architect and the owner.

3. Same—*when contractor is not liable for damages for delay.* Under a contract providing for a certain sum per day to be paid by the contractor as damages for delay, except where such delay is caused "by the unusual action of the elements or otherwise," the contractor is not liable for delay on account of events which would render work impracticable and which he could not control.

4. Interest—*when interest is allowable on liens from date when payable.* Where all the liens involved in a mechanic's lien proceeding are due under a written contract, interest is allowable on the amounts due from the time they were payable under the terms of the contract.

*McDonald* v. *Patterson,* 84 Ill. App. 326, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. Bookwalter, Judge, presiding.

D. D. Evans, Kimbrough & Meeks, and Evans & McDowell, for appellant.

W. J. Calhoun, H. M. Steely, C. M. Swallow, O. M. Jones, John H. Lewman, George F. Rearick, M. W. Thompson, and Love & Jewell, for appellees.

.  Mr. Justice Cartwright delivered the opinion of the court:

J. W. Patterson & Co. entered into a contract in writing with appellant to furnish the material and erect for him a hotel and bank building in Danville. They agreed to complete the building by November 20, 1895, and finished it May 6, 1896. The final payment was to be made within ten days after the contract was finished, upon the certificate of the architects. On May 7, 1896, said contractors filed their bill in chancery in the circuit court of Vermilion county to enforce a mechanic's lien against the premises, and several sub-contractors intervened in that suit also claiming liens. The bill was dismissed without prejudice as to complainants,—perhaps because it was prematurely filed,—but the suit remained in court for the benefit of the intervening sub-contractors. Afterward, J. W. Patterson & Co. filed another bill to enforce their claim of a mechanic's lien, and other sub-contractors intervened. The cases were consolidated, and the complainants and intervening petitioners, eleven, in number, are the appellees. Appellant answered both bills, admitting the contract but denying that the building was erected according to its terms, alleging that the contractors failed to furnish the architects' certificate that the work had been done to their satisfaction, or evidence that the premises were free from liens, and setting up payments under the contracts and damages for defective work and material. The case was referred to the master in chancery to take the evidence, and he was ordered to report the same with his conclusions of law and fact. He took a great amount of testimony and stated the accounts of the contractors and sub-contractors, and reported the same with his conclusions. He made a very careful and full report upon all the claims of the respective parties, allowing some of the damages claimed and disallowing other claims, and found the lien of each con-

tractor and sub-contractor, and the total amount, with interest from the time the same became due. Appellant objected to the master's report, and upon an argument and hearing before the master he adhered to his report and it was filed in court. Appellant excepted to the report and there was a hearing before the chancellor, who came to the same conclusion as the master, overruled the exceptions and entered a decree in conformity with the report. The defendant appealed to the Appellate Court for the Third District. The record was there reviewed, and upon consideration thereof the decree fixing the rights of appellant and the contractors and sub-contractors was adjudged to be right and was affirmed. The Appellate Court struck out an allowance of $300 to the master in chancery as costs for stating the account, but found against appellant on the merits, and he prosecuted this further appeal to this court.

Counsel for appellant have bound together their original brief and argument in the Appellate Court and a lengthy argument in reply to the appellees in that court, and have filed that volume here as their original brief and argument in this court. In this alleged brief and argument of questions pending in this court they are still assigning error and complaining of the allowance of $300 to the master as to which the Appellate Court sustained their assignment of error and struck out the allowance, and other questions are discussed which are not in issue here. The brief is not a compliance with the rules of this court.

One of the points argued is, that the contractors were not entitled to any payment until they presented to defendant the certificate signed by the architects that the work had been done to the full satisfaction of such architects. The contract provided for certificates of that kind, and the rule is, that the decision of architects acting as umpires in such cases is conclusive, unless in case of fraud or collusion with the owner. The procuring of the

certificate was a condition which the defendant had a right to insist upon before he made payments, but it was a right which he could waive, and he could not insist upon the condition if the architects refused to act at all or fraudulently withheld the certificate by collusive arrangement between him and them. (*Fowler* v. *Deakman,* 84 Ill. 130; *Vermont Street M. E. Church* v. *Brose,* 104 id. 206; *Arnold* v. *Bournique,* 144 id. 132; *Michaelis* v. *Wolf,* 136 id. 68.) The architects lived in Chicago, and defendant had a superintendent on the building during the construction and was about the building himself almost every day. He made payments from time to time without certificates, and, of course, as to those payments the requirement was waived. Just before the building was completed one of the architects examined it and issued certificates amounting to $2204 in the name of the contractors to the sub-contractors, and also issued certificates amounting to $8500 due to the contractors and delivered them to the defendant. This architect had come from Chicago to Danville at defendant's request, to examine the building. The defendant did not pay the certificates. They did not state that the work had been done to the full satisfaction of the architects, but did certify to the amounts due under the contract. After the contractors claimed that the building was finally completed they requested payment, and the defendant, holding in his possession these certificates delivered to him by his architects, demanded certificates that the work was done to the satisfaction of the architects. The architects were in the employ of defendant, and they refused, on request of the contractors, to come to Danville and examine the building. The contractors repeatedly requested defendant to have them come and make such examination, but he never directed them to come and the architects would not come without such direction. The evidence showed a wrongful refusal on the part of the defendant to carry out that part of the contract and justified an inference of collusion between

defendant and his architects, which obviated the necessity of obtaining the certificate.

The principal single element of damage claimed by the defendant is $15 per day from November 20, 1895, to May 6, 1896, for delay in completing the building. The contract provided that the contractors would pay $15 per day as liquidated damages, except in case of delay caused by the neglect, delay or default of any other contractor, or by any alteration which might be required; or by any damage by fire, or by the unusual action of the elements, or otherwise; or by the abandonment of the work by the employees through no default of the contractors, in which case additional time was to be allowed. No such allowance was to be made unless an application in writing was presented to the architects, who should award and certify the amount of additional time. The evidence showed that eighteen days' additional time was required by reason of alterations and changes in the work required by the defendant, sixteen days also caused by the defendant being compelled to tear down and rebuild the north and east foundation walls, and thirty-five days by the unusual action of the elements. One hundred days' delay was caused by the default of a sub-contractor which was deemed to be not within the exception, and for this time the master and court allowed $1500 as damages, which was charged against the sub-contractor. Three applications were made to the architects, under the provisions of the contract, for additional time, but they refused to make any allowance of time upon any account. They refused to even allow the additional time which was required by what the defendant himself did, and from all the circumstances, taken in connection with what occurred as to the final certificates, we conclude that their action was not in good faith; and if the conclusion that the delay of thirty-five days was within the terms of the contract is correct, the question of damages for delay should not be disturbed.

It is insisted that no delay on account of weather is within the contract except some great and unexpected disturbance of the elements, but the language of the contract is, "by the unusual action of the elements or otherwise." This language shows the obvious intention that the contractors were not to be liable for delay on account of events which would render the work impracticable and which they could not control, and we think the evidence satisfactorily shows that the thirty-five days allowed came within that exception.

Another alleged error is that the court allowed interest on the amount due from the time it was payable by the terms of the written contract. The contract called for the construction of the building according to the plans and specifications, with such alterations as should be required. The suit was upon the contract, and the entire amount of all the liens became due upon this instrument in writing. By the statute a creditor is entitled to interest upon money after it has so become due. In *Keeler* v. *Herr*, 157 Ill. 57, which was a suit to recover a balance on a written contract to construct a dock, the court, speaking of the plaintiffs' right, said: "If they were entitled to that price under the contract, the statute gave them the right to interest from the time the money became due by the terms of the written agreement." The law gave to the sub-contractors a right to portions of the amount due to the original contractors by the written instrument, but the disposition of the moneys as between the original contractors and sub-contractors did not affect defendant. By the law and the decree the payment of the amount due a sub-contractor is a satisfaction *pro tanto* of the amount due on the original contract, but the money is all due upon the contract and according to its terms.

Claims for damages are very numerous, and relate to settling of part of the building where the foundation was built out of old rubble stone of a previous foundation,

the kind and quality of material, and failure to put in certain anchors and rods, painting, glazing, and general bad character of the work and material. There are about two thousand pages of testimony taken before the master, and it is contradictory. We have examined it, and are satisfied with the conclusions of the master, the chancellor and the Appellate Court. To review it or go over the claims in detail would occupy a great deal of space with no resulting benefit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*