Niland, Appellant, *v.* Gill.

Argued March 5, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALDRIGE and GRAFF, JJ.

*William B. Landis* and with him *Thomas F. Hanahue* and *James J. Powell,* for appellant.

*Edward J. Kelly* and with him *John P. Kelly, Clarence Balentine* and *W. J. Fitzgerald,* for appellee.

Opinion by Keller, J., April 18, 1930:

Plaintiff appeals from what he claims is an insufficient judgment in his favor in a scire facias sur mechanic's lien. He made a written contract with the defendant for the erection of a dwelling house for the sum of $10,600. He was paid $7,500 on account, leaving a balance of $3,100, alleged to be due under the contract; and he claimed $690 for extras; making the total claim as filed $3,790. The defendant denied liability for any extras except $46, for an extra door at the cellar stairs; and claimed a set off or counter claim against the plaintiff of $8,823 because of the unskilful and unworkmanlike manner in which the plaintiff performed his contract and his failure to build the house in accordance with the plans and specifications.

By agreement the case was submitted to a referee who allowed the plaintiff extras in the sum of $77.50, and allowed the defendant credit for $275, paid by him for hardware, and $517.30 for damages from defects or omissions on the part of plaintiff in the performance of the contract; leaving a balance due the plaintiff of $2,385.20, for which he entered judgment in plaintiff's favor, without interest, saying: "In view of the many defects found in the construction of the building, which the defendant has the right to dispute, no interest should be allowed prior to the entry of judgment."

Exceptions filed to the referee's report by both plaintiff and defendant were dismissed and judgment was entered in conformity with the report.

The first three assignments of error relate to the dismissal of exceptions to the findings of the referee (1) disallowing plaintiff's claim for extra excavation, and allowing defendant's claims for (2) imperfect plastering and (3) clearing away debris. These were based on findings of fact of the referee and after consideration and approval by the court below will be sustained, unless there is no evidence to support them:

Phila. Company v. United Gas Imp. Co., 180 Pa. 235, 242; Roberts v. Ward, 93 Pa. Superior Ct. 392. The referee's findings excepted to have evidence to support them and must be sustained.

The other three assignments of error go to the disallowance of interest and are in somewhat different case. This was not an action in tort or sounding in unliquidated damages. It was based on a claim under a contract, filed pursuant to statute, and required as a prerequisite to recovery in this form of action *that a definite amount of money was owing the plaintiff on the date the claim was filed.* Otherwise, whatever the plaintiff's rights in an action of assumpsit, he was not entitled to judgment on the scire facias in suit. The finding of the referee was, in effect, a holding that on November 20, 1923, when the claim was filed, after making due allowance for all faults and omissions on the part of the plaintiff in the performance of the contract, there was owing to the plaintiff, by reason of the construction of defendant's dwelling house, the sum of $2,385.20, and it carried with it a right to interest, at least in the absence of unusual circumstances which are not here present.

It was held in Allen, to use &c. v. Oxnard, 152 Pa. 621, 622, that on distribution of the proceeds of a sheriff's sale, a mechanic's lien, not reduced to judgment, was entitled to interest from the date of filing to the day of sale. While there is some difference of opinion in other jurisdictions, the weight of authority, and, we think, the sounder reasoning support the position that the claimant is entitled to interest on the amount found to be due him from the date the claim was filed. This is the law in Maryland (Hensel v. Johnson, 94 Md. 729, 51 Atl. 575, 578; St. Matthew's Cong. v. Heise, 44 Md. 453, 472); California (Pacific Mut. Life Ins. Co. v. Fisher, 106 Calif. 224, 39 Pac. 758); Oregon (Forbes v. Willamette Falls Elec. Co., 19 Oreg. 61, 23 Pac. 670); Washington (Cornelius v.

Washington Steam Laundry, 100 Pac. 727); South Dakota (Pittsburgh Plate Glass Co. v. Leary, 126 N. W. 271). In some jurisdictions interest is allowed from the date the payment was due: McDonald v. Patterson, 186 Ill. 381, 57 N. E. 1027; Smalley v. Gearing, 121 Mich. 190, 79 N. W. 1114; Merritt v. Pearson, 76 Ind. 44. See also Phillips on Mechanics' Liens, Sec. 214.

Even considered from the point of view of the referee the case did not warrant the disallowance of interest; for while the finding in the plaintiff's favor was $1,404.80 less than the claim filed, $612.50 of this was represented by the disallowance of extras, $275 by payment in kind, which was admitted, and only $517.30 represented omissions or defects in construction, as over against a claim by defendant of $8,543, damages for defective and improper construction. Had there not been a substantial compliance by plaintiff with the contract he could not have recovered at all, while more than fifteen-sixteenths of the defendant's demand by way of set off and counterclaim was disallowed. In such case the standard set by our Supreme Court in Delaware Ins. Co. v. Delaunie, 3 Binney 295, and approved in Jones v. Farquhar, 186 Pa. 386, 397, is applicable: "If the defendant offers to pay as much as in justice he ought, and the plaintiff refuses to receive it, and brings an action, it would be wrong that the defendant should pay full interest, after being driven to the expense of defending himself against an unjust suit. But in the present case, the fault does not seem to be altogether on either side. The plaintiffs insisted on too much, and the defendant offered too little. There was a necessity therefore for a suit. That being the case, and there being no reason to suppose that the defendant has not made use of the money, we think he should be chargeable with interest." See also West Republic Mining Co. v. Jones, 108 Pa. 55; Nick v. Craig, 298 Pa. 411, 415.

This is not a case of mutual accounts, but of dispute as to the character and quality of work done pursuant to a contract. The cases cited and relied on by the appellee, in so far as they are not in harmony with the foregoing, deal with altogether different states of fact.

The fourth, fifth and sixth assignments of error are sustained. The judgment is modified by allowing interest from November 20, 1923, $847.54, and judgment is entered in favor of the plaintiff, as of October 22, 1929, for $3,232.74.